128 N.J. Super. 492 (1974)
320 A.2d 515
GOVERNMENT EMPLOYEES INS. CO., PLAINTIFF,
v.
HELEN BUTLER AND MARIA LAND, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
January 22, 1974.
*494 Messrs. Hansen, Pantages, Sellar & Zavesky, attorneys for plaintiff.
Mr. Donald Werner, attorney for defendants.
KIMMELMAN, J.S.C.
The complaint in the present action, which is captioned for trial in the Chancery Division, seeks a declaratory judgment to resolve the question of coverage under an uninsured motorist endorsement forming part of an automobile liability insurance policy. As a result the court has for consideration a matter illustrative of a recurring problem with respect to the concurrent jurisdiction of the Law and Chancery Divisions of the Superior Court. The issue is the extent to which the distinction between the two Divisions should be observed.
A brief history bears repeating. The reorganization of the judicial system into a unified court structure by the 1947 State Constitution was designed to eliminate the precedence of form and procedure over substance as well as the fragmentation of controversies into piecemeal litigation in various courts. Original jurisdiction of all causes was vested in a Superior Court with two trial divisions, Law and Chancery. Each Division was given plenary jurisdiction to render both legal and equitable relief as a given case requires so that the entire controversy between the parties would be expeditiously, completely and finally determined *495 in one unified action. O'Neill v. Vreeland, 6 N.J. 158, 166 (1951); Ajamian v. Schlanger, 14 N.J. 483, 485 (1954), cert. den., 348 U.S. 835, 75 S.Ct. 58, 99 L.Ed. 659 (1954).
Counsel bear a heavy measure of responsibility in maintaining the distinction between the Chancery and Law Divisions. The attorney for plaintiff, in drawing a complaint, must decide in which Division to label the case for trial. Steiner v. Stein, 2 N.J. 367, 377 (1949). His decision should turn upon whether plaintiff's primary right or principal relief sought is equitable or legal in nature. R. 4:3-1(a)(1). The choice of trial division should represent a responsible exercise of the attorney's judgment in order to obtain for all concerned the obvious advantages to be realized by having particular cases normally tried before judges who are specialized in either law or equity but who nevertheless have jurisdiction to dispense full and complete relief. O'Neill v. Vreeland, supra. Extraneous considerations should not govern the choice of division. No doubt counsel at times tend to gravitate to the Chancery Division motivated by the desire to secure the more individualized attention of a trial judge which occurs when he lives with a case from its inception, coupled with the hope of obtaining a more expeditious final decision. For some reason, experienced counsel, as a matter of practice, generally bring actions for declaratory relief in the Chancery Division.
Clearly, declaratory relief may be granted by any Division of the Superior Court. Abbott v. Beth Israel Cemetery Ass'n of Woodbridge, 13 N.J. 528, 539 (1953); National-Ben Franklin Fire Ins. Co. v. Camden Trust Co., 21 N.J. 16, 22 (1956). Such relief is neither equitable or legal in nature, but takes on the color of either, depending upon the issue involved. Utility Blade & Razor Co. v. Donovan, 33 N.J. Super. 566 (App. Div. 1955); Georgia Cas. & Sur. Co. v. Turner, 208 Ga. 782, 69 S.E.2d 771 (Sup. Ct. Ga. 1952); 1 Anderson, Actions for Declaratory Judgments, (2 ed. 1951), § 123 at 225; § 195 at 401. Although the range of relief which may be sought in a declaratory judgment action *496 presents a broad spectrum indeed, more often than no the typical case filed in the Chancery Division (as here) involves the construction of an insurance policy to determine questions of coverage and the duty of the insurance carrier to defend. Occasionally, there is joined a count to restrain a liability action already pending in the Law Division of the Superior Court in order that the issue of coverage can be litigated in advance. See Carolina Cas. Ins. Co. v. Belford Trucking Co., 116 N.J. Super. 39 (Ch. Div. 1971), aff'd 121 N.J. Super. 583 (App. Div. 1972); Hanover Ins. Group v. Cameron, 122 N.J. Super. 51 (Ch. Div. 1973).
However, there exists a misconception that such a declaratory proceeding in advance of trial of a third-party liability action must necessarily be brought in the Chancery Division. The construction of a contract and a determination of the rights of the parties thereunder is within the province of a court of law even though equitable principles such as the doctrine of estoppel may be involved. Ewing Tp. v. Trenton, 137 N.J. Eq. 109, 111 (Ch. 1945). Hence, an action for the declaration of the parties' rights under an insurance policy is basically an action for construction of a contract which has been held to be cognizable before the law courts. Paterson v. North Jersey Dist. Water Supply Comm'n, 124 N.J. Eq. 344 (Ch. 1938). See also, Wolverine Mut. Motor Ins. Co. v. Clark, 277 Mich. 633, 270 N.W. 167 (Sup. Ct. 1936); 20 Appleman, Insurance Law and Practice § 11531 at 411 (1963).
When counsel seeks to enjoin an already pending liability action until the question of coverage can be litigated, the declaratory judgment action is not thereby converted to one where the principal relief sought is equitable in nature. R. 4:52-6 must be observed. It is there provided that
No injunction or restraint shall be granted in one action to stay proceedings in another pending action in the Superior Court... but such relief may be sought on counterclaim or otherwise in the pending action.
*497 As stated in Massari v. Einsiedler, 6 N.J. 303, 309 (1951). "[W]here adequate relief can be obtained in the Law Division, there is no need for intercession by the Chancery Division since the entire controversy can be determined in the Law Division in one and the same suit." Were the Chancery Division to entertain only a portion of a larger controversy and restrain a proceeding in the Law Division, it would be directly contrary to the philosophy underlying the court restructuring effected by the 1947 Constitution. Tumarkin v. Friedman, 17 N.J. Super. 20, 23 (App. Div. 1951), cert. den. 9 N.J. 287 (1952); Hanover Ins. Group v. Cameron, supra, 122 N.J. Super. at 62.
Obviously, the correct procedure requires an insurance carrier to commence its declaratory judgment action relating to questions of coverage in the Law Division, move for a consolidation with or restraint of any pending third-party liability action, and then litigate its rights under the insurance policy. Likewise, the insured may resort to the same or similar procedure when the carrier denies coverage or the duty to defend. Burd v. Sussex Mutual Ins. Co., 56 N.J. 383, 391 (1970).
The Chancery Division must not become clogged or burdened with the weight of actions properly cognizable in the Law Division. It must remain alert to the bounds of its jurisdiction, otherwise, Chancery's inherent flexibility and ability to operate with dispatch when the occasion demands will be seriously impaired.
Accordingly, the court on its own motion pursuant to R. 4:3-1(a)(2) directs counsel for plaintiff to submit an order transferring this action to the Law Division.