182 N.J. Super. 397 (1981)
442 A.2d 208
WILLIAM C. DAVIS, PLAINTIFF,
v.
DONNA G. DAVIS, DEFENDANT.
Superior Court of New Jersey, Chancery Division Ocean County.
Decided July 31, 1981.
*398 Saverio R. Principato for plaintiff.
Ruth Rabstein for defendant (Pellettieri, Rabstein and Altman, attorneys).
SERPENTELLI, J.S.C.
In Tevis v. Tevis, 79 N.J. 422 (1978), the Supreme Court noted in dictum that a wife's claim for monetary compensation against her husband, and his contingent liability therefore, is a relevant circumstance affecting the parties financial status in the context of a matrimonial proceeding and should be asserted as part of that action under the single controversy doctrine. In the present case, the wife asserts a tort claim and seeks a jury trial. The dispute concerns her entitlement to a jury trial.
The question of whether a jury trial is mandated is of academic interest and in light of the substantial existing authority which needs to be analyzed could justify a lengthy opinion. However, recently a subcommittee of the Supreme Court Committee *399 on Matrimonial Litigation reviewed this very issue in great detail and produced a report which I have examined in depth and made available to counsel. The Supreme Court Committee as a whole studied the report and made the following comments and recommendations:
After an extensive review of cases, the Committee focused on the New Jersey rule that the inherent jurisdictional power of an equity court permits it to dispose of legal issues which are incidental and ancillary to the main dispute without the necessity of providing a jury trial. See Mantell v. International Plastic Harmonica Corp., 141 N.J. Eq. 379 (E. & A. 1947); Steiner v. Stein, 2 N.J. 367 (1949); Fleischer v. James Drug Stores, 1 N.J. 138 (1948); Beekwilder v. Beekwilder, 29 N.J. Super. 351, 358 (App.Div. 1953). Since the marital tort damage claim is so closely related to the subject matter of equitable distribution, it passes the test of "incidental and ancillary." Thus, it appears not to require a jury trial.
Recommendations:
... As a matter of judicial administration, no jury trial for a marital tort should be provided in an action for divorce.... [Supreme Court Committee on Matrimonial Litigation, Phase Two Final Report, June 10, 1981, at 78-79].
Of course, the Final Report has not yet been implemented, nor is it certain in what manner the various recommendations will be accomplished. Presently, the Report does not have the force of law. I write this brief opinion for the purpose of providing judicial precedent for the proposition that a jury trial is not required in this setting and, more importantly, to facilitate any appellate review the parties may desire in this action. In so doing I rely upon the authority cited in the quotation above.
The question of whether the marital tort claim should be disposed of prior to, during or upon completion of the divorce hearing has not been raised in this case. While that problem needs resolution, it would seem inappropriate to address it in the absence of an actual dispute.