192 N.J. Super. 427 (1983)
470 A.2d 934
BENJAMIN APOLLO, PLAINTIFF,
v.
KIM ANH PHAM, DEFENDANT-COUNTERCLAIMANT.
Superior Court of New Jersey, Chancery Division Bergen County.
Decided December 6, 1983.
*429 Edward J. Bowen for plaintiff.
Robert C. Rivas for defendant-counterclaimant (Bergen County Legal Services).
SORKOW, J.S.C.
This is defendant's motion for a jury trial in a "palimony" action. Plaintiff commenced his suit in the Law Division seeking exclusive possession of a home owned by plaintiff. Defendant filed her answer and a counterclaim based on cohabitation and an alleged contract wherein the plaintiff purportedly promised to support the defendant counterclaimant and her children in consideration for defendant counterclaimant's living with the plaintiff in Saigon, Viet Nam, accompanying him to the United States and maintaining a household with him. Defendant counterclaimant seeks equitable remedies or, in the alternative, monetary damages. She demanded a jury trial in her initial pleadings. The matter was subsequently transferred to the Chancery Division on defendant counterclaimant's motion. She now moves to have her cause tried before a jury.
It has been established that "where equity has rightfully assumed jurisdiction over a cause for any purpose, it may retain the cause for all purposes, and proceed to a final determination *430 of the entire controversy and, except where the jurisdiction of equity depends on the prior establishment of a right at law, settle purely legal rights and grant legal remedies." Fleischer v. James Drug Stores, 1 N.J. 138, 150 (1948), citing Mantell v. International Plastic Harmonica Corp., 141 N.J. Eq. 379 (E & A 1947).
The right to enforce a support agreement between nonmarried individuals was first recognized by the New Jersey Supreme Court in Kozlowski v. Kozlowski, 80 N.J. 378 (1979). In Crowe v. DeGioia, 90 N.J. 126 (1982), the Supreme Court further defined Kozlowski and stated that actions to enforce such agreements should ordinarily be brought in the Chancery Division, at least where the principal relief sought is equitable in nature. Such is the instant case. Defendant counterclaimant seeks equitable relief based on quantum meruit, quasi-contract, and contract theories. She seeks specific performance of the alleged support agreement or, in the alternative, money damages. Based on the primarily equitable relief sought, the Chancery Division, Matrimonial Part, is the appropriate forum for this action. Indeed, defendant counterclaimant successfully moved to have the case transferred from the Law Division, where the action was originally brought.
The jurisdiction of Chancery in the instant case does not depend on the prior establishment of a right at law, but rather is based on purely equitable rights and remedies (i.e. quantum meruit, quasi-contract). The legal rights asserted by the defendant counterclaimant are ancillary to the equitable rights. Thus, Chancery may proceed to a final determination of the controversy and settle purely legal rights.
The New Jersey Constitution of 1947, Article 1, ¶ 9 preserves the right to a trial by jury where it previously existed under the common law as incorporated in the 1844 New Jersey Constitution. The concurrent jurisdiction of Law and Chancery does not deny a litigant in the Chancery Division the right to a jury trial where such a right exists. See O'Neill v. Vreeland, 6 *431 N.J. 158 (1951). However, the constitutional right of trial by jury is subject to the inherent jurisdiction of equity, which has general jurisdiction to adjudicate ancillary and incidental matters. Fleischer, supra. The Chancery Division may do whatever is necessary to a final adjudication of the entire controversy, whether ex delicto or ex contractu. Id. It suffices if the legal issue to be determined is germane to or grows out of the subject matter of the equitable jurisdiction. Id.
As noted in Eckerd Drugs of N.J. v. S.R. 215, Rite Aid, 170 N.J. Super. 37, 40 (Ch.Div. 1979), an issue which is normally triable to a jury may be ancillary and incidental to the subject matter of the equitable jurisdiction, thus allowing the issue to be determined by the court without a jury. In Eckerd, the court recognized that New Jersey practice is more lenient in this regard than federal practice. Thus, the court distinguished the landmark case of Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), which, under federal practice, required the legal question of breach of contract to be determined by a jury prior to determination of the equitable issues. Following New Jersey practice, the court found that although tortious interference with a contract involved legal issues normally triable to a jury, such legal issues were ancillary and incidental to the equitable issues involved and thus not triable to a jury. Eckerd, 170 N.J. Super. at 40.
Similarly, in Davis v. Davis, 182 N.J. Super. 397 (Ch.Div. 1981), the court found that there was no right to a jury trial for a marital tort litigated in conjunction with an action for divorce. The decision was based on the Supreme Court Committee on Matrimonial Litigation, Phase Two Final Report, June 10, 1981, which noted that "After an extensive review of cases, the Committee focused on the New Jersey rule that the inherent jurisdictional power of an equity court permits it to dispose of legal issues which are incidental and ancillary to the main dispute without the necessity to provide a jury trial." Id. at 78-79 (emphasis added).
*432 The legal issue in this case involves the existence of an alleged contract wherein plaintiff purportedly promised to support defendant counterclaimant and her children in consideration for defendant counterclaimant's living with plaintiff in Saigon, Viet Nam, accompanying him to the United States and maintaining a household with him. Defendant counterclaimant's equitable claims are based on theories of quantum meruit and quasi-contract. They involve substantially similar factual issues to those raised in her legal claim. This court finds that the legal issues are sufficiently intertwined with and ancillary to the equitable issues that they are within this court's inherent equitable jurisdiction. Therefore, this court holds that defendant counterclaimant is not entitled to a trial by jury. The court further finds that the issues are not so complex as to warrant a trial by jury pursuant to the court's discretionary power under R. 4:35-2.
Defendant counterclaimant's motion for trial by jury is denied.