196 N.J. Super. 317 (1984)
482 A.2d 520
THOMAS P. MANETTI, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE CO., DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 4, 1984.
Decided June 19, 1984.
*318 Before Judges ARD, MORTON I. GREENBERG and TRAUTWEIN.
Stephen B. Fenster argued the cause for appellant and cross-respondent (Fenster, Fenter & Farrell, attorneys; Ivy Paige Adler, on the brief).
Andrew J. Cevasco argued the cause for respondent and cross-appellant (Breslin, Herten & LePore, attorneys).
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
The issue on this interlocutory appeal surprisingly seems never to have been decided in a reported appellate decision in this state: Is a party to an action for personal injury protection benefits entitled to a trial by jury?
This case arises from an automobile accident on September 21, 1979 in which plaintiff was operating a vehicle which he owned. He alleges that he sustained serious personal injury requiring medical treatment and as a consequence was unable to attend to his business and required nursing and housekeeping care. Plaintiff's vehicle was insured by defendant Prudential Property and Casualty Insurance Company. The policy included PIP benefits as required by the New Jersey Automobile *319 Reparation Reform Act, N.J.S.A. 39:6A-1 et seq. (No Fault Law).[1]
On October 12, 1979 plaintiff submitted to defendant an application for PIP benefits including claims for medical expenses, income continuation and essential services. See N.J.S.A. 39:6A-4. Defendant made some payments but by notice of July 28, 1980 notified plaintiff that effective April 1, 1980 all payments for nursing services and housekeeping services were discontinued. It made this determination because two independent medical consultants determined that the need for the services was not consistent with the diagnosis given by plaintiff's physicians.
On September 17, 1981 plaintiff filed a complaint alleging that as a result of the accident, he sustained serious personal injury and had been and would be required to undergo extensive medical treatment, had been and would be unable to attend to his usual occupation and had been and would be required to obtain extensive nursing, housekeeping and other care. He stated that despite his making repeated demands upon defendant for lost income, medical expenses, nursing expenses and other necessary and related expenses under the PIP coverage, defendant had wrongfully refused to make these payments. Defendant filed an answer denying liability.
The case was scheduled for trial on April 3, 1984. Plaintiff desired a jury trial. Defendant objected on the procedural ground that plaintiff had not adequately made a demand for a jury trial and on the substantive ground that in any event plaintiff had no right to such a trial. The trial judge ruled that he would try the case without a jury. He decided that even though plaintiff had properly made his demand he was not entitled to a jury trial. The judge reached this result because he considered plaintiff's claim to be a "... creature of the legislature ... [which] did not exist in the common law." On *320 June 1, 1984 the trial judge signed an order nunc pro tunc reflecting his determination. After the court's oral decision, plaintiff sought leave to appeal which we granted on April 5, 1984. We also granted defendant leave to appeal from the determination that an adequate jury trial demand had been made.
The issue raised by plaintiff's appeal involves construction of N.J. Const. (1947), Art. I, par. 9, which provides that "The right of trial by jury shall remain inviolate...." This guarantee preserves the right to a jury trial as it existed at common law at the time the New Jersey Constitution of 1776 was adopted. Van Dissel v. Jersey Central Power & Light Co., 181 N.J. Super. 516, 525 (App.Div. 1981), certif. den. 89 N.J. 409 (1982), vacated on other grounds and remanded ___ U.S. ___, 104 S.Ct. 989, 79 L.Ed.2d 224 (1984). Plaintiff asserts that his claim should simply be regarded as an action for breach of contract which at common law would give him a right of jury trial. Defendant, however, views the matter as a statutory action not existing at common law and thus not subject to a right of jury trial.
Unquestionably there is some support for plaintiff's view. Indeed in Milcarek v. Nationwide Ins. Co., 190 N.J. Super. 358, 365 (App.Div. 1983), we recently characterized an action on an insurance policy to recover PIP benefits as a breach of contract case. But that description was given in a situation in which a claimant sought punitive damages because of the carrier's failure to make certain PIP payments.
We conclude that there is no right to a jury trial for PIP benefits where the issue is what benefits, if any, are due. We reach this result because the mandatory obligations providing for PIP benefits when plaintiff's policy was purchased far outweighed the contractual character of the insurance policy issued by defendant to plaintiff. Thus in determining if plaintiff is constitutionally entitled to a trial by jury, this action should not be considered contractual but rather should be *321 characterized as statutory. See Quinchia v. Waddington, 166 N.J. Super. 247 (Law Div. 1979) (there is no right to a jury trial in a claim against the Unsatisfied Claim and Judgment Fund on the issue of whether timely notice has been given). Under N.J.S.A. 39:6A-4 in effect at the time of the accident every automobile liability insurance policy insuring an automobile as defined in the No Fault Act against liability imposed by law for bodily injury, death and property damage was required to provide for PIP benefits. The statute enumerated the persons entitled to claim the benefits. Further the nature of the benefits was defined and the statute set the time by which a claim was to be paid. Ibid.; N.J.S.A. 39:6A-5. If an insurance company declined to renew a policy it could only do so in accordance with the consent of the commissioner of insurance. N.J.S.A. 39:6A-3. Further under the New Jersey Automobile Insurance Plan then in effect some insurance carrier was compelled to write a policy for every applicant for automobile insurance who was entitled to coverage. See N.J.A.C. 11:3-1.1 et seq. In addition rates for insurance policies were highly regulated. See N.J.S.A. 17:29A-1 et seq.; In re Allstate Ins. Co., 179 N.J. Super. 581 (App.Div. 1981). We do, of course, recognize that an insured had a right to purchase additional PIP coverage. N.J.S.A. 39:6A-10. Nevertheless the mandatory considerations above set forth are dominant in this case. Indeed the option to purchase additional PIP benefits was in itself mandatory since the carrier was compelled to grant the option subject to the rules or regulations of the commissioner of insurance.
Even though we reach our result not because it is convenient but because we think it constitutionally correct, it is appropriate to consider the consequences of a different ruling. The very nature of PIP benefits is such that they may give rise to ongoing or recurring disputes. A decision that a particular medical bill was incurred as a result of an automobile accident may leave a dispute over other bills undetermined. Clearly the possibility exists for repeated disputes. Further the nature of *322 the benefits, at least with respect to medical expenses, income continuation and essential services, is such that any controversy concerning them should be expeditiously decided. Surely their payment will be important to the claimant. Nonjury trials may allow summary disposition or otherwise contribute to prompt resolution of such disputes. We also point out that in some PIP cases the claimant may be seeking a resumption of payments, relief similar to specific performance, a remedy granted in equitable nonjury trials. See Barry M. Dechtman, Inc. v. Sidpaul Corp., 89 N.J. 547, 551-553 (1982).
This case has been decided on the basis of law in effect when plaintiff's policy covering his 1979 accident was issued. We are aware of the recent substantial changes in automobile insurance law and specifically of modifications with respect to PIP benefits in the New Jersey Automobile Insurance Freedom of Choice and Cost Containment Act of 1984, L. 1983, c. 362. These changes give insureds more options with respect to PIP coverage. We do not consider these changes since they do not govern the claims in this case. We do, however, observe that a contrary ruling under current law would raise serious questions as to the constitutionality of L. 1983, c. 362, § 8, which provides for binding arbitration of PIP claims at the option of the claimant. If such claims are subject to the constitutional right of jury trial then it could be reasonably contended that an insurance carrier desiring a jury trial could not be compelled to submit a dispute to arbitration. We further point out that our ruling is limited to the precise issue raised in this case. We are not suggesting that the result we reach is applicable to claims on other insurance policies. Finally we note that in this case the issue of whether a jury trial should be held was timely raised and preserved. We are not implying that any person is entitled to relief from any judgment reached on a jury verdict in any PIP case.
In view of our result defendant's cross-appeal is moot and is dismissed. Insofar as plaintiff has appealed from the order of June 1, 1984 it is affirmed. The matter is remanded to the *323 Superior Court, Law Division, Bergen County, for a nonjury trial. We do not retain jurisdiction.
NOTES
[1] The statute has been substantially amended as noted infra.