198 N.J. Super. 1 (1984)
486 A.2d 335
CONCETTA CHIACCHIO, PLAINTIFF-RESPONDENT,
v.
GUY CHIACCHIO, DEFENDANT, THIRD-PARTY PLAINTIFF-RESPONDENT,
v.
ALLSTATE INSURANCE COMPANY, THIRD-PARTY DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 17, 1984.
Decided November 21, 1984.
*3 Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.
James P. Brady argued the cause for appellant Novins, Farley, Grossman & York, P.A., attorneys; Robert F. Novins, of counsel; James P. Brady, on the brief).
John A. Hartmann, III, argued the cause for respondent Guy Chiacchio (Pellettieri, Rabstein & Altman, attorneys; John A. Hartmann, III, of counsel and on the brief; Paul Rubin, on the brief).
Martin A. Herman argued the cause for respondent Concetta Chiacchio (Herman, Pearson & Crass, P.A., attorneys; Martin A. Herman on the brief).
PER CURIAM.
The appeal in this matrimonial-tort action challenges the mandated joinder of plaintiff's and defendant's insurer as a third-party defendant, with respect to claims for indemnification and recovery of Personal Injury Protection benefits arising from the asserted tort, as not being within the recently prescribed jurisdiction of the Chancery Division, Family Part, or required or permitted under rules pertaining to the joinder of claims or parties. We agree and reverse.
Plaintiff's complaint pleaded a cause of action for divorce on grounds of extreme cruelty and also sought recovery for personal injuries allegedly sustained as a result of defendant's acts *4 of cruelty. Both counts of the complaint are founded upon the alleged shooting of plaintiff by defendant and his subsequent attempt to strangle her. The tort claims were pleaded in the alternative as being based upon either the intentional or negligent conduct of the defendant with both compensatory and punitive damages being demanded. Defendant's insurer, Allstate Insurance Company (Allstate), was notified by letter of the claims being asserted by plaintiff for personal injuries and coverage was sought under defendant's homeowners policy. Coverage was disclaimed by Allstate. Defendant responded to the disclaimer by filing a motion to join Allstate as a third-party defendant in the pending action. On the return day of this motion, which was about two weeks prior to the scheduled trial date, an order was entered not only joining Allstate as a third-party defendant but also ordering it to provide the defense in the underlying action and declaring that Allstate should be responsible for the payment of any judgment obtained against defendant to the extent of its coverage. Upon receiving a copy of this order and notwithstanding that it had not yet been formally served, Allstate filed an answer to the third-party complaint and a counterclaim for a declaratory judgment as to the coverage issue. At the same time it moved to vacate the order and to transfer the third-party complaint and the counterclaim from the Chancery Division to the Law Division. This motion was heard on the day of trial and by order dated April 20, 1984 the court vacated its prior order except for the joinder of Allstate as a third-party defendant, ruling that Allstate had no right to a jury trial, and provided that all issues raised by the complaint, third-party complaint and the declaratory judgment counterclaim should be joined in the pending action. The order also granted plaintiff permission to file an amended complaint setting forth a claim for PIP benefits under an automobile policy issued by Allstate. The trial date was postponed and Allstate was permitted a limited time for discovery.
The matter is now before us on Allstate's appeal from this interlocutory order pursuant to leave previously granted. Its *5 primary complaints are the declaratory judgment action should be tried in the Law Division as the relief sought is legal in nature, the consolidation deprives it of a jury trial and the entire controversy doctrine or the rules governing joinder and practice in the Family Part do not require that the issues relating to coverage and PIP benefits be joined in the matrimonial-tort action. Error is also claimed in the failure of the court to dismiss the third-party complaint for insufficiency of service and in limiting Allstate's discovery period.
Plaintiff and defendant-third-party plaintiff maintain that the challenged action of the trial court was a proper exercise of its discretion and in accord with the intent of the rule prescribing the jurisdiction of the Chancery Division, Family Part. They consider the joinder of the coverage questions in the matrimonial-tort action to be a logical method of adjudicating these issues as being derivative of plaintiff's personal injury claim and encompassed within the controversy between the plaintiff and defendant. Allstate's claim of entitlement to a jury trial on its counterclaim for a declaratory judgment is answered by the assertion that no jury trials are available in the Family Part.
It is recognized that declaratory relief may be granted by either division of the Superior Court. Government Employees Ins. Co. v. Butler, 128 N.J. Super. 492, 495 (Ch.Div. 1974). More importantly, however, such relief is "neither equitable or legal in itself, but takes on the color of either, depending upon the issues involved." Id. 128 N.J. Super. at 495 (citations omitted). An action for a declaratory judgment as to the rights of parties to an insurance policy is basically an action for the construction of a contract generally cognizable before the law courts. Id., 128 N.J. Super. at 496.
Obviously, the correct procedure requires an insurance carrier to commence its declaratory judgment action relating to questions of coverage in the Law Division, move for a consolidation with or restraint of any pending third-party liability action, and then litigate its rights under the insurance policy. Likewise, the insured may resort to the same or similar procedure when the carrier denies coverage or the duty to defend. Burd v. Sussex Mutual Ins. Co., 56 N.J. 383, 391 (1970).

*6 The Chancery Division must not become clogged or burdened with the weight of actions properly cognizable in the Law Division. [Id., 128 N.J. Super. at 497.]
Thus, in the absence of any other controlling factor, the legal issues raised in the third-party complaint and the counterclaim concerning the coverage provided by Allstate's policy are more properly litigated in the Law Division. The decision in Davis v. Davis, 182 N.J. Super. 397 (Ch.Div. 1981), is not to the contrary, as there it was merely determined that marital and tort claims between a husband and wife should be joined in one chancery proceeding with no consideration being given to the joinder of a third-party insurer. The rationale of Davis was the close relationship of a marital tort claim to the subject of equitable distribution thereby constituting an issue incidental and ancillary to the main dispute between the parties and accordingly within the inherent jurisdictional scope of an equity court. Here claims of Allstate do not concern issues which are incidental to the matrimonial tort dispute between plaintiff and defendant, but rather matters which pertain to the contractual obligations arising from the insurance policies. Accordingly, Davis is not authority for requiring that the questions of insurance coverage be tried in the Family Court in conjunction with the claims of plaintiff against defendant.
The trial court's joinder order also infringes upon Allstate's right to a jury trial. The right of trial by jury is guaranteed by Article I of the New Jersey Constitution to the extent that such right existed at common law at the time of its adoption. Manetti v. Prudential Property and Casualty Ins. Co., 196 N.J. Super. 317 (App.Div. 1984); Van Dissel v. Jersey Central Power & Light Co., 181 N.J. Super. 516, 525 (App.Div. 1981). At common law a contract action would entitle the litigants to a jury trial. Manetti v. Prudential, supra, 196 N.J. Super., at 320. As the issues raised by the third-party complaint and the counterclaim are contractual in nature, Allstate may not be denied its right to a jury resolution of these issues despite the pendency of the matrimonial-tort action between plaintiff and defendant in the Chancery Division. See *7 N.J.S.A. 2A:16-50, et seq.; U.S. Fidelity & G. Co. v. Janich, 3 F.R.D. 16 (1943); Annotation, "Jury trial in action for declaratory relief," 13 A.L.R.2d 777 (1950). Again, the situation here is dissimilar from that presented in Davis as there the rights of a third party were not involved.
Although Allstate's right to a jury trial with respect to the coverage afforded by the policy issued to defendant may not be compromised, this same right does not extend to plaintiff's claims for PIP benefits under the automobile policy issued by Allstate. As we determined in Manetti v. Prudential, supra, 196 N.J. Super. 317, an action based upon such a claim is statutory in nature rather than contractual and the constitutional guarantee of trial by jury does not apply.
Further, the recently adopted rules governing the Family Part of the Chancery Division do not require that these contractual and statutory claims relating to the coverage provided by the Allstate policies be tried before the Family Court. As provided by R. 5:1-2(a) actions cognizable in that court include "all ... civil actions and proceedings unique to and arising out of a family or a family-type relationship." Clearly, the issues raised by the third-party complaint and the counterclaim for declaratory relief are neither unique to nor do they arise out of a family-type relationship. That defendant may be indemnified under the policy issued by Allstate for any recovery by plaintiff on her tort claim, or that plaintiff may recover PIP benefits under her policy with Allstate because of injuries inflicted by defendant does not convert these contractual claims asserted against Allstate into ones uniquely related to the marital relationship of these parties.
Also, the consolidation as ordered by the trial court is not required under the entire controversy doctrine or the rules pertaining to the bringing in of third parties and the joinder of claims or parties. R. 4:8-1, R. 4:27-1, R. 4:28-1 and R. 4:5-1. The third-party complaint and Allstate's counterclaim do not involve common questions of fact or law with those raised by *8 complaint. Plaintiff seeks a dissolution of the marriage, equitable distribution of the marital assets and damages for injuries sustained as a result of defendant's wrongdoing, whereas the amended complaint, third-party complaint and counterclaim present issues relating to the insurance coverage afforded by Allstate's policies. These claims do not have the commonality required for a joinder under R. 4:8-1. Nor do they constitute one or more of the bundle of rights and liabilities which derive from the husband-wife or tortfeasor-injured person relationship of plaintiff and defendant which should be disposed of in one unit of litigation. See Wm. Blanchard Co. v. Beach Concrete Co., Inc., 150 N.J. Super. 277, 294 (App.Div. 1977), certif. den. 75 N.J. 528 (1977). It was in the context of such relationships that the court in Tevis v. Tevis, 79 N.J. 422, 434 (1979), observed that the marital tort claim should have been presented in conjunction with the pending matrimonial litigation "as part of the overall dispute between the parties in order to lay at rest all their legal differences in one proceeding and avoid the prolongation and fractionalization of litigation." Generally, the entire controversy doctrine is "a rule of mandatory joinder of claims, not of parties." McFadden v. Turner, 159 N.J. Super. 360, 369 (App. Div. 1978). However, in appropriate circumstances the joinder of parties may now be compelled where the entire controversy involves rights of non-parties arising out of the same transaction and presenting some common questions of law or fact. R. 4:5-1; Crispin v. Volkswagenwerk, A.G., 96 N.J. 336 (1984). The instant case does not present circumstances warranting the application of this rule. Joinder of Allstate is therefore not required by application of the entire controversy doctrine. Additionally, as the adjudication of plaintiff's claims against defendant is not dependent upon the resolution of the insurer's obligations under either of the policies insuring defendant or plaintiff, Allstate is not an indispensable party to this matrimonial-tort action and its joinder is not mandated by R. 4:28-1(a).
Although these conclusions render it unnecessary to consider the other issues raised on this appeal, we would note that the *9 method adopted by defendant in causing Allstate to be joined was not in accord with the procedure set forth in R. 4:8-1(a).
The provisions of the order of the court dated April 26, 1984 joining Allstate as a third-party defendant and providing for the trial of the issues raised by the amended complaint, third-party complaint and counterclaim for declaratory judgment are reversed and the matter is remanded to the trial court for the entry of an order transferring the third-party complaint, counterclaim for declaratory judgment and plaintiff's claim for PIP benefits as set forth in the amended complaint to the Law Division for trial and disposition.