213 N.J. Super. 372 (1986)
517 A.2d 484
JOHN F. KENNEY AND MARY C. KENNEY, HIS WIFE, ET ALS., PLAINTIFF-APPELLANTS,
v.
SCIENTIFIC, INC., ET ALS., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 23, 1986.
Decided October 23, 1986.
*373 Before Judges ANTELL, BRODY and D'ANNUNZIO.
Thomas J. DiChiara for plaintiff-appellants (Drazin and Warshaw, attorneys).
Steven T. Singer for defendants-respondents J. Filiberto Sanitation, et als. (Schwartz, Tobia & Stanziale, attorneys).
*374 Michael J. Herbert for defendants-respondents Scientific, Inc., et als. (Richard M. Hluchan, on the brief, Sterns, Herbert & Weinroth, attorneys).
Clyde A. Szuch for defendants-respondents Absolute Fire Protection Co., Inc., et als. (Pitney, Hardin, Kipp & Szuch, attorneys).
The opinion of the court was delivered by D'ANNUNZIO, J.S.C. (temporarily assigned).
Plaintiffs appeal, upon leave granted, a trial court order striking their jury demand. The order was entered on motion of some of the defendants. Kenney v. Scientific, Inc., 212 N.J. Super. 6 (Law Div. 1986).
There are 106 plaintiffs who claim to have suffered damages as a result of the deposit of toxic wastes at certain landfills in Edison Township. There are approximately 600 defendants, including landfill operators, alleged generators of the toxic wastes, waste haulers, public entities and others, originally brought in as third-party defendants, who are alleged to have discharged toxic or dangerous substances into the air and surface waters in the vicinity of the landfills.
The trial court enunciated two rationales for its decision: (1) allowing a jury to decide such a complex case violates rights of due process and those rights prevail over a right of trial by jury, In Re Japanese Electronics Products Antitrust Litigation, 631 F.2d 1069 (3rd Cir.1980); (2) cases with this number of litigants, cross-claims, third-party actions and multiple issues were unknown at common law, and therefore, the case does not carry with it a right to trial by jury.
Presumably the second rationale arises from the language of the New Jersey Constitution which provides that "the right of trial by jury shall remain inviolate." N.J. Const. (1947) Art. I, Par. 9. This language limits a right of trial by jury to those cases in which it existed at common law as of July 2, 1776. Montclair v. Stanoyevich, 6 N.J. 479 (1951); Manetti v. *375 Prudential Property and Cas. Ins. Co., 196 N.J. Super. 317 (App.Div. 1984). Plaintiffs allege that they have been damaged as the result of civil wrongs committed by the defendants. The fact that these tort actions are wrapped in the procedural devices afforded by modern practice, such as cross-claims, third party claims, and joinder of parties, which promote litigation of multiple issues, should not obscure the fact that the causes of action sound in tort and were, therefore, subject to trial by jury at common law. See, Longo v. Reilly, 35 N.J. Super. 405 (App.Div. 1955), certif. den. 25 N.J. 45 (1957); Keiffer v. Food Products Trucking Co., 73 N.J. Super. 285 (App.Div. 1962), certif den. 37 N.J. 524 (1962); Van Dissel v. Jersey Central Power & Light Co., 181 N.J. Super. 516 (App.Div. 1981), certif. den. 89 N.J. 409 (1982), vacated on other grounds 465 U.S. 1001, 104 S.Ct. 989, 79 L.Ed.2d 224 (1984).
The first rationale, an assumed conflict between the right of trial by jury and requirements of due process, finds support in In Re Japanese Electronics Products Antitrust Litigation, supra. The perceived tension between these fundamental rights is posited, in part, on an alleged inability of a jury to receive, process and comprehend the facts that will be presented and decide the issues raised. To illustrate this point the trial judge outlined some of the issues to be decided in this case. 212 N.J. Super. at 19-21. Those issues are the type which juries frequently and effectively decide. If this case involved one plaintiff and five defendants, it is unlikely that these issues would have generated a motion to strike the jury demand.
The large number of litigants and the concomitant length of time which it is anticipated will be necessary to try the case appear to have troubled the trial court the most. There is no doubt that time and numbers are very troublesome aspects of this litigation, but good case management and organized and coherent presentation of the case by the attorneys can assist the jury in dealing effectively with the complexity engendered by multiple litigants. See In Re U.S. Financial Securities *376 Litigation, 609 F.2d 411 (9th Cir.1979), cert. den. sub nom Gant v. Union Bank, 446 U.S. 929, 100 S.Ct. 1866, 64 L.Ed.2d 281 (1980) which rejected a similar attack on trial by jury.
The potentially long duration of the trial may make it difficult to seat a representative jury to try this case. The trial court predicted that the court would be left "with a jury panel composed of persons not well suited to deal with the complex case at hand." 212 N.J. Super. at 21. We do not know that to be the case, and should not assume the correctness of this prediction in the absence of experience. Judicial history is replete with civil and criminal jury trials which required months to complete, but were heard and decided by conscientious representative juries. In many of these cases the jury selection process was also burdened by extensive pre-trial publicity.
We recognize that contemporary litigation can be more complex, demanding and time consuming than anything known to the common law in the 18th century. If contemporary realities render the jury trial inappropriate for certain types of cases, the problem can be addressed by the legislature. N.J. Const. (1947) Art. IX.
Reversed and remanded for further proceedings consistent with this opinion.