260 N.J. Super. 210 (1992)
615 A.2d 686
MARY ANNUNZIATA, PLAINTIFF,
v.
THE PRUDENTIAL INSURANCE CO. AND FIREMAN'S FUND INSURANCE CO., DEFENDANTS.
Superior Court of New Jersey, Law Division (Civil), Bergen County.
Decided September 9, 1992.
*211 Epstein & Katz, attorneys for Plaintiff (Barry D. Epstein, argued; Linda J. Cammerano, on brief.)
Dwyer, Connell and Lisbona, attorneys for Defendant Prudential Insurance Company (Donald T. Okner, argued; Kenneth F. Mullaney, Jr., on brief.)
*212 O'Toole & Couch, attorneys for Defendant Fireman's Fund Insurance Company.

OPINION
BOGGIA, J.S.C.
This matter comes before the court by way of plaintiff's, Mary Annunziata, motion to set an immediate date for trial by jury without further discovery. This is a matter of first impression for this Court.
The facts may be summarized as follows:
On or about March 28, 1989, the plaintiff, Mary Annunziata, (herein "Annunziata") was involved in a motor vehicle accident. Plaintiff was covered by her own insurance policy issued by the Prudential Insurance Company (hereinafter "Prudential") and her employer's insurance policy issued by Fireman's Fund Insurance Company (hereinafter "Fireman's Fund"). On or about January 24, 1992, the plaintiff filed a complaint which rejected the UIM Arbitration award entered against the defendants Prudential and Fireman's Fund.
Plaintiff maintains that all discovery is complete and that an early trial date should be set. Prudential has raised no challenge to these issues, however it opposes the plaintiff's claim to a trial by jury.
The sole issue before this court is whether or not the plaintiff is entitled to a jury trial after rejecting the U.I.M. arbitration award.

I.
The plaintiff's claimed right to a jury trial is based on the constitutional guarantee under Article I of the New Jersey Constitution. Article I guarantees a litigant the right to a jury trial to the extent such a right existed at common law. Manetti v. Prudential Property & Cas. Ins. Co., 196 N.J. Super. 317, 320, 482 A.2d 520 (App.Div. 1984), citing Van Dissel v. Jersey *213 Central Power & Light Co., 181 N.J. Super. 516, 525, 438 A.2d 563 (App.Div. 1981), certif. den. 89 N.J. 409, 446 A.2d 142 (1982), vacated on other grounds and remanded 465 U.S. 1001, 104 S.Ct. 989, 79 L.Ed.2d 224 (1984). "At common law a contract action would entitle the litigants to a jury trial." Chiacchio v. Chiacchio, 198 N.J. Super. 1, 6, 486 A.2d 335 (App.Div. 1984), citing Manetti, 196 N.J. Super. at 320, 482 A.2d 520.
The threshold issue this court must resolve is whether the plaintiff's cause of action is statutorily mandated, in which case there may be no right to a jury trial or whether the action is contractual with the correlative right to a jury trial. The Appellate division in Manetti, at 320, 482 A.2d 520 held:
We conclude there is no right to a jury trial for PIP benefits where the issue is what benefits, if any, are due. We reach this result because the mandatory obligations providing for PIP benefits when plaintiff's policy was purchased far outweighed the contractual character of the insurance policy issued by defendant to plaintiff. Thus in determining if plaintiff is constitutionally entitled to a trial by jury, this action should not be considered contractual but rather should be characterized as statutory.
In Manetti the court emphasized the mandatory nature of PIP payments. It must be noted that under the PIP statute, NJSA 39:6A-5c, the insured has the option of binding arbitration. The Legislature, however, has not mandated arbitration for UIM or UM claims. While the courts of New Jersey have previously addressed the issue of the right to a jury trial in the context of PIP claims, no determination has been made concerning the right to a jury trial in the context of UIM/UM claims.
As previously noted, UIM arbitration is not a mandated statutory creature, rather it is an option open to the insurer and insured to utilize in order to quickly and effectively resolve UIM claims.
As the Appellate Division stated in Cohen v. Allstate Ins. Co., 231 N.J. Super. 97, 101, 555 A.2d 21 (App.Div. 1989)
"It is also significant that, although the Legislature has mandated binding arbitration of PIP claims at the option of the insured (N.J.S.A. 39:6A-5c) and has required non-binding arbitration of certain automobile tort claims (N.J.S.A. 39:6A-31), it has not required arbitration of UM claims at all. Thus the *214 ascertainable public policy here is to encourage resort to arbitration while preserving full flexibility to the parties to elect or reject, and to structure and limit, that process as they choose."
It is evident to this court that an insurance policy covering motor vehicles in New Jersey must make provisions for PIP Arbitration pursuant to N.J.S.A. 39:6A-5c, and as such the insurer and insured must conform to the Legislature's mandates. Therefore, in situations involving PIP claims, the statutory scheme must be incorporated in the insurance policy and a lawsuit involving a PIP claim is not a contractual dispute, but rather a statutory dispute without the entitlement to a jury trial. However, in the case of UM and UIM claims the Legislature has chosen not to make arbitration a requirement and has left it open to the insurers and insured to include such provisions if they so desire. This is readily apparent when one looks at the wording of N.J.S.A. 17:28-1.1d:
d. Uninsured motorist coverage shall be subject to the policy terms, conditions and exclusions approved by the Commissioner of Insurance, including, but not limited to, unauthorized settlements, nonduplication of coverage, subrogation and arbitration.
The inclusion of a provision in an automobile insurance policy that allows UIM matters to be arbitrated is nothing less than a contractual provision, and as such is subject to this state's laws regarding the interpretation of contract terms.

II.
This court is bound to interpret a clear, unambiguous contract as it is written pursuant to United States Pipe and Foundry Company v. American Arbitration Association, et al., 67 N.J. Super. 384, 393, 170 A.2d 505 (App.Div. 1961). The court in that case quoted the Supreme Court in Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43, 161 A.2d 717 (1960) where it held "when the terms of a contract are clear, it is the function of the Court to enforce it as written."
However the language of the insurance policy in question reads as follows:

*215 If an arbitration award exceeds these limits (the Financial Responsibility limits of the State of New Jersey, $15,000/30,000 N.J.S.A. 17:28-1.1a), either party has a right to trial on all issues in a court of competent jurisdiction ...
The language of the policy allows either party the right to a "trial", it makes no reference whether the matter is to be tried to the bench or a jury.
This court finds the word "trial" to be subject to more than one interpretation and therefore views it as ambiguous. "where an ambiguity appears in a written agreement, the writing is to be strictly construed against the party preparing it." Karl's Sales & Service v. Gimbel Bros. 249 N.J.Super 487, 493, 592 A.2d 647 (App.Div. 1991), citing In re Miller's Estate, 90 N.J. 210, 221, 447 A.2d 549 (1982).
Further, insurance contracts are viewed as contracts of adhesion and "should be construed liberally in (the insured's) favor to the end that coverage is afforded `to the full extent that any fair interpretation will allow.'" Longobardi v. Chubb Ins. Co. of New Jersey, 121 N.J. 530, 537, 582 A.2d 1257 (1990), (quoting Kievit v. Loyal Protective Life Ins. Co., 34 N.J. 475, 482, 170 A.2d 22 (1961)) (quoting Danek v. Hommer, 28 N.J. Super. 68, 76, 100 A.2d 198 (App.Div. 1953), aff'd, 15 N.J. 573, 105 A.2d 677 (1954)).
In construing the terms of a contract, the contract must be interpreted in such a manner so as not to give one party an unfair or unreasonable advantage over the other. Karls' Sales & Service, 249 N.J. Super. at 493, 592 A.2d 647, (quoting Tessmar v. Grosner, 23 N.J. 193, 201, 128 A.2d 467 (1957)). The defendant argues that they will be unduly prejudiced in this matter if the jury is made aware that an insurance company is the defendant in this suit in contravention of N.J.Rule of Evidence 54. This court finds defendant's arguments to be without merit due to the fact that the defendant has provided no proof to this court that a jury will be unduly prejudiced against it because it is an insurance company. Further, Rule 54 is designed to keep from the jury knowledge of a party's *216 insurance coverage, to prove negligence or wrongdoing when the insurance company is not a direct defendant in the suit. In this present situation, the defendant Prudential is a direct defendant and the court finds no undue prejudice will inure to the defendant.

III.
In conclusion, this court finds the UIM arbitration provision in the plaintiff's, Annunziata, insurance policy issued by defendant Prudential to be ambiguous as to the type of trial to be held if an arbitration award is rejected. In so finding, this court rules that the UIM arbitration clause was contractual in nature and as such the plaintiff is entitled to trial by jury.
Finally, this court hereby sets the trial date for this matter on Monday, October 19, 1992 at 9:00 A.M.