277 N.J. Super. 246 (1994)
649 A.2d 630
GEORGE J. TWEEDLEY, JR., PLAINTIFF,
v.
SHARON L. TWEEDLEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division Morris County.
Decided January 18, 1994.
*247 Mark Gruber for plaintiff (Gruber & Colabella, attorneys).
Vincent P. Celli for defendant.
LANGLOIS, J.S.C.
This matter is before the court on plaintiff's motion requesting, among other things, that defendant's demand for a jury trial on her counterclaim alleging both negligent and intentional tortious acts be stricken. Oral argument was heard on December 3, 1993, and other issues were resolved. However, the court reserved decision on the jury trial demand. Having now reviewed the case law both in New Jersey and in other jurisdictions, the court denies the motion to strike defendant's jury demand. The counterclaim shall be tried before a jury.
The Tweedleys were married on January 4, 1985. Their child, George, III, was born in February 1987, and there are two children from prior marriages. The Tweedleys separated on July 20, 1991; Mr. Tweedley filed the divorce complaint on December 6, 1991, alleging extreme cruelty. Defendant's answer and counterclaim were not filed until December 1992.[1]
Mrs. Tweedley's counterclaim is in three counts. The first count seeks a divorce on grounds of extreme cruelty and lists 16 pages of acts occurring during the marriage (Schedule A). Among *248 those acts are instances of sexual assault and abuse, physical assault and abuse, adultery, verbal abuse to herself and the children, mental cruelty and neglect. The second count alleges that the acts listed in the Schedule "were done intentionally, willfully and wantonly and with the express and exclusive purpose of causing grievous and severe personal injury to defendant and to cause the defendant to be in fear of said personal injury." The third count alleges that the physical injury and threats of physical injury were performed with the "purpose of causing severe emotional and mental distress." The relief sought in those counts is for compensatory and punitive damages, restraints, and counsel fees.
At oral argument, defendant's counsel stated that the defendant would withdraw her extreme cruelty claim and seek a divorce solely on the basis of an 18-month separation. That procedural tactic, therefore, leaves the tort claims remaining for resolution without any underlying issue of plaintiff's marital fault before the court.

LEGAL DISCUSSION
New Jersey has definitively abolished spousal immunity from tortious conduct alleged to have been committed by "conventional negligence," or "intentional acts," or "other forms of excessive behavior such as gross negligence, recklessness, wantonness, and the like." "The only kind of marital conduct excepted from the abolition was that involving marital or nuptial privileges, consensual acts and simple, common domestic negligence, to be defined and developed on a case-by-case approach." Tevis v. Tevis, 79 N.J. 422, 426-27, 400 A.2d 1189 (1979), citing Merenoff v. Merenoff, 76 N.J. 535, 557-59, 388 A.2d 951 (1978).
Tevis further established that a spouse must bring an action for damages arising out of a personal injury caused by the other spouse during the marriage as a part of the divorce action itself.
Since the circumstances of the marital tort and its potential for money damages were relevant in the matrimonial proceedings, the claim [cannot] be held in *249 abeyance; it should, under the `single controversy' doctrine, have been presented in conjunction with that action as part of the overall dispute between the parties in order to lay at rest all their legal differences in one proceeding and avoid the prolongation and fractionalization of litigation. [Id., 79 N.J. at 434, 400 A.2d 1189.]
See also Brown v. Brown, 208 N.J. Super. 372, 378-79, 506 A.2d 29 (App.Div. 1986) (the purpose is to `conclusively dispose of their respective bundles of rights and liabilities which derive from a single transaction or related serious of transactions'....) Cf. J.Z.M. v. S.M.M., 226 N.J. Super. 642, 545 A.2d 249 (Law Div. 1988). Therefore, defendant having to assert her claims in one proceeding, has done so by the filing of the counterclaim, and neither party disputes that this court now has jurisdiction over all claims between the parties. What is at issue now is the defendant's demand for a jury trial on the second and third counts of the counterclaim.
The right to a jury trial is guaranteed by Article I, Paragraph 9 of the New Jersey Constitution, and is granted on the basis of the nature of the issue to be resolved, as determined by the law and procedures of the jurisdiction, and not by the particular division of the Superior Court having jurisdiction. O'Neill v. Vreeland, 6 N.J. 158, 77 A.2d 899 (1951); Boardwalk Prop. v. BPHC, 253 N.J. Super. 515, 529, 602 A.2d 733 (App.Div. 1991); Suchit v. Baxt, 176 N.J. Super. 407, 415, 423 A.2d 670 (Law Div. 1980).
The Supreme Court in O'Neill specifically held that the procedures for determining the proper forum of a case in either the Law or Chancery Division do not deny to any party the right to a trial by jury, nor does it expose a party unnecessarily to the hazards of a jury trial.
Whether the action be brought in the Law Division or in the Chancery Division, all issues of fact triable as of right by a jury shall be decided by a jury, unless the right to jury trial be waived, expressly or impliedly, Rules 3:38-1 and 3:49-1. [Now R.4:35-1] In addition, any issues not triable as of right by a jury may be tried by an advisory jury, or, with the consent of the parties, by a jury whose verdict will be the same as if the trial by jury had been a matter of right, Rule 3:39-1. [now R.4:35-2] All issues of fact not triable of right by a jury, except as provided by Rule 3:39-1, are to be determined by the court without a jury and when certain *250 issues are to be decided by the court and others by a jury, the court may determine the sequence in which such issues shall be tried, Rule 3:39-2. [Now R.4:35-3]
........
Whenever a case comes on for trial in either of the trial divisions of the Superior Court it shall be disposed of on its merits as the nature of the case may require.
[O'Neill, supra, 6 N.J. at 167-68, 169, 77 A.2d 899.]
As to the "nature of the case" involving an allegation of negligence and/or intentional tort committed by one spouse against the other, it has been held in Davis v. Davis, 182 N.J. Super. 397, 442 A.2d 208 (Ch.Div. 1982), that a jury trial is not required for a marital tort claim. The trial court in Davis relied on a report of the Supreme Court Committee on Matrimonial Litigation, that "as a matter of judicial administration, no jury trial for a marital tort should be provided in an action for divorce...."
After an extensive review of cases, the committee focused on the New Jersey rule that the inherent jurisdictional power of an equity court permits it to dispose of legal issues which are incidental and ancillary to the main dispute without the necessity of providing a jury trial. See Mantell v. International Plastic Harmonica Corp., 141 N.J. Eq. 379 [55 A.2d 250] (E & A 1947); Steiner v. Stein, 2 N.J. 367 [66 A.2d 719] (1949); Fleisher v. James Drug Stores, 1 N.J. 138 [62 A.2d 383] (1948); Beekwilder v. Beekwilder, 29 N.J. Super. 351, 358, [102 A.2d 642] (App.Div. 1953). Since the marital tort damage claim is so closely related to the subject matter of equitable distribution, it passes the test of "incidental and ancillary." Thus, it appears not to require a jury trial.
[Id. at 399, 442 A.2d 208.]
The Davis court acknowledged that the committee report did not carry the force of law and therefore wrote for the purpose of providing "judicial precedent" for the proposition that a jury trial is not required. Ibid.
That decision has been taken as precedent for the conclusion that a jury trial is not allowed for marital tort claims. Cf. Brown v. Brown, supra, 208 N.J. Super. at 383, 506 A.2d 29 ("Indeed, there is some uncertainty as to how a marital tort claim joined with a traditional divorce action should be tried;" party may file tort claim arising during pendency of divorce litigation); Chiacchio v. Chiacchio, 198 N.J. Super. 1, 6, 486 A.2d 335 (App.Div. 1984) (insurer's right to jury trial on coverage issue cannot be denied despite pendency of the matrimonial tort action; improper joinder *251 of claims in Chancery Division); Apollo v. Kim Anh Pham, 192 N.J. Super. 427, 431, 470 A.2d 934 (Ch.Div. 1983), aff'd, 224 N.J. Super. 89, 539 A.2d 1222 (App.Div. 1987) (claim for support in palimony action is not triable by a jury); Pressler, Current N.J. Court Rules, comments on R. 4:35-1. However, these decisions have ignored that the Merenoff Court itself recognized jury participation. In discussing the abolition of spousal immunity, the Court sought to define and delineate marital conduct which cannot and should not be the basis for tort claims. Consensual conduct or matters of privacy within the marriage are outside the bounds of a definable duty of care.
In these areas courts and juries cannot be expected to grasp sensibly and consistently the acceptable norm of married living or chart the parameters of reasonable marital behavior as a predicate for affixing liability in tort. Immer v. Risko, supra, 56 N.J. [482] at 495 [267 A.2d 481 (1970)]; cf. Small v. Rockfeld, supra, 66 N.J. [231] at 244 [330 A.2d 335 (1974)]; Note, supra, 79 Harv.L.Rev. at 1656.
[T]he fear that trivial, exaggerated or unrealistic claims for personal injury will be brought by married persons is counter-poised by the realization that such claims for the most part will not be cognizable by courts or rewarded by juries.

[Merenoff, supra, 76 N.J. at 555-56, 388 A.2d 951 (emphasis added).]
With due respect to the courts of equal jurisdiction, this court holds that there is the right to a trial by jury of the marital tort claims asserted in this case. A review of decisions in other jurisdictions and the facts of this case support this conclusion.
The right to a jury trial in a matrimonial action, whether for the divorce itself or for the marital tort claims asserted in the same action, is provided in only a few jurisdictions. In Texas, a jury's equitable division of marital property does not bind the trial judge, yet the judge is bound by jury findings with respect to the valuation and characterization of marital property. Smith v. Smith, 835 S.W.2d 187, 190 (Tex. App. 1992); Tex.Fam.Code Ann. §§ 3.61, 3.63 (Vernon Supp. 1992). In New York, an advisory jury shall first render a verdict on a party's tort claims, and the judge shall thereafter determine the parties equitable distribution and support claims. Maharam v. Maharam, 177 A.D.2d 262, 575 N.Y.S.2d 846, 847 (1991).
*252 Most recently in Connecticut, a trial court held that the spouse is entitled to a jury trial on the issues of marital tort liability. The reasoning of the court in Hutchings v. Hutchings, 1993 WL 57741 (Conn.Super. 1993) is convincing:
The victim spouse would be entitled to a jury trial on his/her tort claim if he/she were not married. There does seem to be something inherently unfair about denying the victim's spouse a jury trial for the same claim simply because he/she is married and seeking both a divorce and tort judgment. The jury is the conscience of the community in tort cases, articulating and imposing minimum standards of civilized behavior. Since the policy decision has been made to allow married people to sue each other for tort ... the jury should perform the same function for married plaintiffs and defendants as for the unmarried. The victim spouse should get a jury trial on his/her tort claim, especially since it is entirely feasible for the legal system to provide it and still combine her divorce and tort actions.
[1993 WL 57741, 9.]
This recognition of the importance of a jury trial is particularly appropriate here, where Mrs. Tweedley has now "amended" her demand for a divorce to a no-fault, 18-month separation, and Mr. Tweedley's allegations of extreme cruelty are limited. Faced with such absence of any complicated fault ground, the court cannot conclude, as in Davis, that the marital tort damage claims are "so closely related to the subject matter of equitable distribution to be incidental and ancillary to the equitable issues" and thus foreclose jury review.
First, a trial judge is under the specific direction that the resolution of the financial aspects of a marriage  whether support or equitable distribution  are to be resolved without regard to fault.
Should matrimonial fault be one of the criteria or circumstances that may properly be taken into account? We conclude that the answer must be in the negative even though the statute speaks of `equitable distribution.' Indeed, we are satisfied that the concept of `equitable distribution' requires that fault be excluded as a consideration.
[Chalmers v. Chalmers, 65 N.J. 186, 193, 320 A.2d 478 (1974).]

See also Painter v. Painter, 65 N.J. 196, 320 A.2d 484 (1974); Wadlow v. Wadlow, 200 N.J. Super. 372, 378, 491 A.2d 757 (App.Div. 1985); Greenberg v. Greenberg, 126 N.J. Super. 96, 312 A.2d 878 (App.Div. 1973).
Thus, fault is not relevant to distribution of assets acquired during the marriage, since all the court is to do is allocate to each *253 that which really belongs to him and to her. Chalmers v. Chalmers, 65 N.J. at 194, 320 A.2d 478. Yet, fault is exactly what the claims and relief sought in a marital tort are all about: intentional, or grossly negligent, or reckless acts are alleged; punitive damages are sought. Liability  fault  responsibility is the determinative issue; consideration of punitive damages is particularly based on a finding of behavior that shocks the conscience of the community. While it is theoretically possible for a trial judge to separate such diametrically opposed findings in the course of a divorce trial, an injured person  even though married to and involved in a divorce from the alleged tortfeasor  should have the trier of fact on fault be a jury.
Second, it is both substantively and procedurally feasible for a family court judge to hear the divorce action  the statutory grounds; alimony; child support; distribution of assets or debts  and to empanel a jury to resolve the issue of fault for marital torts and award compensatory and/or punitive damages. After the jury's verdict, the trial court can then allocate the award and/or adjust support accordingly. See Landwehr v. Landwehr, 111 N.J. 491, 503, 545 A.2d 738 (1988); J.S.M. v. S.M.M., 226 N.J. Super. 642, 647, 545 A.2d 249 (Law Div. 1988).
This court certainly recognizes administrative arguments against a jury trial in matrimonial tort actions. The most immediate and significant concern is delay. See Ward v. Ward, 155 Vt. 242, 583 A.2d 577, 581 (1990) ("[I]t will be difficult to protect the right to trial by jury while providing expeditious relief in the divorce action."); Hendrickson v. Cameron, 622 A.2d 1135, 1141 (Me. 1993). However, since tort claims must be joined at the divorce proceeding under Tevis, delay and complication of marital issues are already inevitable. A jury trial will not worsen the delay or complicate the issues.
Indeed, here the divorce complaint was filed in December 1991. Interim discovery and the late filing of the counterclaim have already delayed this matter for over two years. A jury trial now will not cause any greater delay than that already experienced. *254 Discovery and trial preparation has to be done whether the trial is before a judge or a jury.

CONCLUSION
In summary, it seems inherently unfair to deny a party a right that would have been afforded but for marriage and, unfortunately, divorce. New Jersey law mandates the joinder of marital tort claims with the divorce proceedings, and it is both procedurally and administratively feasible to provide a jury trial on the tort claims without undue delay or complication to the parties. For above all, is the right of an injured person to a trial by jury  the conscience of the community.
The parties are properly in the Chancery Division, Family Part, according to court rules. This court rightfully assumes jurisdiction over the entire divorce proceeding, retains jurisdiction over the counterclaim, and grants the right to a trial by jury on counts two and three. Without prejudice to reconsideration of the sequence of the trial, the court now determines that a jury shall be empaneled; counsel shall present all evidence on the tort claims; the jury shall be instructed. The trial shall proceed before the judge alone on evidence relating to support and equitable distribution. The jury's verdict will be received, and any award will be considered by the court prior to full resolution of the financial issues.
An order denying plaintiff's motion to strike the jury demand is enclosed.
NOTES
[1] Plaintiff had moved to strike the answer and counterclaim by motion filed in January 1993. By decision of another judge in August 1993, defendant was permitted to file the answer out-of-time, and was allowed to file the counterclaim conditioned upon a $1000 payment for plaintiff's anticipated additional legal fees. By order of October 8, 1993, this court entered an order vacating the default entered for failure of plaintiff to have made the timely payment and/or file the counterclaim.