windows differing only slightly in color from the original windows but exactly like them in all other respects were available.

Defendants' predecessor in title violated the requirements of the master deed, and the defendants continue the violation. The expense which defendants' predecessor in title incurred was self-inflicted as the result of a known and calculated risk. "An injunction, is the strong arm of equity," but one should issue in this case because it will not " 'operate oppressively or contrary to the real justice of the case.' " It is here " 'the fit and appropriate method of redress under all the circumstances of the case.' " *Sautto v. Edenboro Apartments, Inc.*, 84 *N.J.Super.* 461, 478 (App.Div.1964), certif. den. 43 *N.J.* 353 (1964).

Judgment will be entered directing the defendants to remove the replacement windows in their unit and requiring them to obtain approval of the board of directors for the installation of new windows.

J.Z.M., PLAINTIFF, v. S.M.M., DEFENDANT.

Superior Court of New Jersey
Law Division Camden County

Decided January 6, 1988.

*Lee J. Hughes* for plaintiff J.Z.M. (*Falciani & Fletcher*, attorneys).

*Frank D. Allen* for defendant, S.M.M. (*Archer & Greiner*, A Professional Corporation, attorneys).

SEGAL, J.S.C.

Pursuant to *R.* 4:3–1(b) defendant has filed a motion seeking to have plaintiff's present tort action consolidated with a prior divorce action or in the alternative transferred to the Family Part for disposition. Defendant's application was filed contem-

poraneously with the filing of his Answer and thus his application is within time. The significant facts are uncontroverted.

Plaintiff and defendant married June 1963 and lived together continuously until approximately Christmas 1981. Thereafter they lived together intermittently until a final separation sometime in 1983. During this on-again, off-again period it was defendant who left the marital home and who returned on occasion, apparently in an effort to effect a reconciliation. This effort was unsuccessful and plaintiff filed for divorce in June 1984. She was granted a Judgment of Divorce in January 1985.

In the pending matter, filed April 1987, plaintiff has alleged that defendant infected her with herpes, Types I and II, prior to the final separation although her illness was not diagnosed until October 1986. She seeks damages for the injuries alleged to have been inflicted upon her by defendant. Defendant's Answer denies the allegations, asserts certain separate defenses and seeks dismissal of plaintiff's Complaint. One of the separate defenses asserted by defendant is:

2. Plaintiff's claim is barred by the single controversy doctrine in that the claim, which was known or discoverable by plaintiff in the exercise of reasonable diligence, if true as alleged, should have been raised in the original divorce proceedings between the parties.

For reasons not explained in the record, service of plaintiff's Complaint was not made until August 20, 1987, and defendant's Answer was not filed until October 28, 1987. Neither party has raised any objection to these delays and the Court deems the objections waived.

Prior to the commencement of plaintiff's tort action defendant had filed a motion in the Family Part seeking a modification of the custody arrangement set forth in the Final Judgment of Divorce as well as for other relief. That motion was originally returnable January 30, 1987, but it, together with plaintiff's cross-motion, was not heard until March 20, 1987. After the motion hearing the parties were referred to a counselling/mediation program, which process remains ongoing. The balance of

the issues raised in the post-judgment divorce motion and cross-motion were resolved by consent of the parties.

 Defendant's present application seeks to consolidate the tort action with the ongoing custody dispute under the single controversy doctrine. Alternatively, defendant seeks to have the tort action tried in the Family Part pursuant to *R.* 5:1–2. These applications are opposed by plaintiff who asserts that since she had no knowledge of defendant's tortious conduct prior to the entry of the Final Judgment of Divorce, consolidation is inappropriate. It is plaintiff's position that after the divorce she and defendant became "legal strangers" and thus the tort action should not be tried in the Family Part. At oral argument plaintiff also asserted that transfer of her Complaint to the Family Part would deny her trial by jury. However, a review of the pleadings filed in the tort action indicates that neither party has requested a jury trial. In accordance with *R.* 4:35–1(c) the parties have waived this right.

In *Tevis v. Tevis,* 79 *N.J.* 422 (1979) the Supreme Court applied the single controversy doctrine to matrimonial actions. There, the parties were divorced in May 1975 and the former wife instituted a tort action two months later to recover damages for a physical beating that occurred on or about May 1973. The Supreme Court held that *N.J.S.A.* 2A:14–2 precluded the former spouse from raising her tort action 26 months after the commission of the tort.

The case at bar presents facts very different from *Tevis.* Although the alleged tort occurred during the marriage, it was not discovered/diagnosed until some 22 months after the final judgment was entered. Moreover, while there is before the Family Part an ongoing post-judgment custody dispute, the judgment of divorce has long since been finalized. There does not exist today an underlying Family Part action with which to consolidate plaintiff's present tort action.

The effect of the single controversy doctrine as discussed in *Tevis,* is to "avoid the prolongation and fractionalization of

litigation." It has also been recognized that "in exceptional cases there may be contravailing equitable considerations which would render application of that doctrine unfair." *Brown v. Brown*, 208 *N.J.Super.* 372 (App.Div.1976). In *Brown* plaintiff filed a divorce Complaint March 1981 based on extreme cruelty. Defendant counterclaimed on the same grounds. Trial was scheduled for January 6, 1982. In December 1981 plaintiff discussed with counsel an assault upon her by the defendant. Her attorney refused to incorporate a tort claim into the pending divorce action. After a detailed discussion of the single controversy doctrine the Appellate Division ruled that plaintiff was not barred from litigating her tort claim in a subsequent action. The tort claim was "significantly distinct and independent from the cause of action for divorce and equitable distribution to permit separate adjudication" without adversely affecting the integrity of the prior determination.

As in *Brown*, the tort herein is so distinct and independent in nature and extent from the underlying Family Part cause of action as to dictate against consolidation. There is simply no reason for the tort action to be tried together with the post-judgment custody dispute.

Mistakenly, defendant argues that pursuant to *R.* 5:1–2 plaintiff's present action is cognizable in the Family Part. He asserts that plaintiff's Complaint raises issues that can affect the parties' children and that are necessarily related to the custody proceedings now pending in the Family Part. He interprets *R.* 5:1–2 as mandating that since there had been a familial relationship between plaintiff and defendant, her Complaint must be heard by a Family Part Judge. *R.* 5:1–2 directs that the following actions shall be cognizable in the Family Part:

(a) Civil Family Actions Generally. All civil actions in which the principal claim is unique to and arises out of a family or family-type relationship shall be brought in the Family Part. Such actions shall include all actions and proceedings provided for in Chapters II and III of Part V: all civil actions and

proceedings formerly designated as matrimonial actions; all civil actions and proceedings formerly cognizable in the Juvenile and Domestic Relations Court; and all other civil actions and proceedings unique to and arising out of a family or family-type relationship.

The language in *R.* 5:1–2 parallels the language in *R.* 4:3–1(a)(2) but neither rule defines:

... all civil actions in which the principal claim is unique to and arises out of a family or family-type relationship.

A review of former *R.* 4:75 which defined matrimonial actions is not instructive since that rule did not address tort actions unless joined with matrimonial actions. Thus, it is for the Court to define the language referenced above on a case-by-case basis.

In seeking to define *R.* 5:1–2, defendant would have the Court rely upon Judge Pressler's comments following the rule and specifically:

As a final word on the cognizability of family actions in the Family Part, note should be taken of the transfer opportunities, both in and out of the Family Part, provided for all civil actions. See *R.* 5:1–2(a) cross-referencing to *R.* 4:3–1(b), amended as part of the Family Part rule changes. The transfer provisions are predicated on the theory that particular actions which are not categorical family actions may, because of the identity of the parties and their relationship to each other and because of the nature of the issue raised, be singularly suitable for disposition by the Family Part.... The point, of course, is that the Family Part will be developing an expertise both in the law and in dispositional alternatives. Where that expertise would be particularly helpful or appropriate in the resolution of the specific controversies, those controversies may, on motion made to the presiding judge of the Family Part, be transferred to the Family Part for further proceedings even if they are not categorical family actions.

█ In the instant case this Court is not persuaded that a Family Part Judge has or will be developing an expertise that will significantly affect the Court's ability to handle plaintiff's tort action. Plaintiff's allegations do not bear upon a continuing family relationship. Should plaintiff prevail, she will be awarded money damages against defendant. If the award of these money damages adversely affects the defendant's ability to pay child support or ongoing alimony, those issues can be dealt with in a subsequent post-judgment motion in the divorce proceeding. The outcome at such a motion hearing would

presumably be no different than had a stranger brought a similar Complaint and prevailed against defendant.

Moreover, the court is persuaded by the historic notes provided by Judge Pressler in the Rules of Court following *R.* 5:1–1. There, after discussing the unification of the Chancery Division, Matrimonial Part, with the former Juvenile and Domestic Relations Court, Judge Pressler observes:

> There are, of course, significant conceptual predicates of this scheme. Since the Superior Court is a court of general jurisdiction, each of its Divisions and Parts share in the statewide subject matter and *in personam* jurisdiction of the entire Superior Court. The function of the Rules of the Supreme Court, therefore, is in the first instance to allocate the totality of the business of the Superior Court among its various divisions and parts not on a jurisdictional but rather on a cognizability basis. The allocation made to the Family Part by the new Part V consists, in broad terms, of all family actions—civil, criminal and juvenile....

Consequently, certain probate matters may properly be tried by a Family Part Judge, *Berlin v. Berlin,* 200 *N.J.Super.* 275 (Ch.Div.1984); claims seeking to set aside a fraudulent conveyance, under the right fact pattern, are cognizable in the Family Part, *Anzalone v. Anzalone,* 185 *N.J.Super.* 481 (App.Div.1982) and presumably those unmarried cohabitating adults disputing property and/or support claims now have their matters tried in the Family Part, *Crowe v. DeGioia,* 90 *N.J.* 126 (1982).

It is apparent that the Family Part could exercise jurisdiction over the Complaint filed by the plaintiff in the Law Division. The Family Part has statewide jurisdiction the same as the Law Division and the Criminal Division. However, the Family Part does not have cognizability of plaintiff's Complaint and a reading of the new rules adopted December 1983 does not lend itself to an interpretation that the Family Part should take cognizability of plaintiff's Complaint.

Where it appears that the claim asserted is *unique* to the relationship of the parties and the parties are or were "family" the matter is tried in the Family Part. The mere fact that plaintiff and defendant were formerly wife and husband does

not require that plaintiff's tort action be tried in the Family Part. The new rules ought not to be so construed to require this result.

Consistent with the foregoing, defendant's motion to have plaintiff's tort action consolidated with the prior divorce proceeding or alternatively tried in the Family Part is denied. Counsel for plaintiff shall submit an appropriate Order.