260 N.J. Super. 21 (1992)
614 A.2d 1365
GRACE LICKFIELD, PLAINTIFF,
v.
E. GILBERT LICKFIELD, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part Camden County.
September 21, 1992.
James H. Waller for plaintiff (Sufrin & Zucker, attorneys).
Richard A. Shapiro for defendant (Shapiro & Shapiro, attorneys).

OPINION
SEGAL, J.S.C.
The court is faced with an issue of first impression. The subject is the interpretation of the entire controversy doctrine *22 as it applies to The Prevention of Domestic Violence Act N.J.S.A. 2C:25-17 et seq.
Plaintiff filed a complaint for divorce in June 1991. Thereafter she filed a complaint under The Prevention of Domestic Violence Act alleging that defendant had sexually assaulted her. A temporary restraining order issued and the matter proceeded to final hearing. At the final hearing the trial judge made a finding of domestic violence (defendant sexually assaulted plaintiff). At the very end of that proceeding counsel for plaintiff remarked to the court: "Thank you Your Honor. All the collateral issues can be done in the "FM", Judge, when they happen." There was no assent or opposition from defendant's counsel regarding this apparent reservation. The reservation according to plaintiff was a request that the issue of damages be reserved for the divorce proceeding.
Thereafter, consistent with a prior order of the court, plaintiff amended her divorce complaint to include a claim for damages inflicted as a result of defendant's violence. In the divorce action plaintiff has moved for summary judgment as to liability and defendant has cross-moved to have plaintiff's claim barred under the entire controversy doctrine or the doctrine of res judicata. The court finds that plaintiff's request for damages is not barred by either the entire controversy doctrine or res judicata and grants summary judgment in favor of plaintiff.
The entire controversy doctrine (or single controversy doctrine) ... is a preclusionary principle intended to prevent fractionalization of litigation by requiring all claims between the same parties arising out of or relating to the same transactional circumstances to be joined in a single action. The effect of the doctrine is to preclude a party from withholding from the action for separate and later litigation a constituent component of the controversy.
....
[Brown v. Brown, 208 N.J. Super. 372, 377-378, 506 A.2d 29 (App.Div. 1986).]
The doctrine is one of judicial fairness. Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 476 A.2d 250 (1984).
The purposes of the doctrine include the needs of economy and the avoidance of waste, efficiency and the reduction of delay, fairness to the parties, and the *23 need for complete and final disposition through avoidance of `piecemeal decisions.'

Cogdell v. Hospital Center at Orange, 116 N.J. 7, 15, 560 A.2d 1169 (1989).
Our Supreme Court in Tevis v. Tevis, 79 N.J. 422, 400 A.2d 1189 (1979) indicated that the entire controversy doctrine is applicable to family actions and to tort claims between spouses. The Court specifically noted that an intentional tort committed by one spouse against the other is ordinarily a constituent element of their divorce action. Id. at 434, 400 A.2d 1189. However, "[T]o judge whether the application of the doctrine is appropriate, the court will determine whether the omission of the subject claim will result in the same parties engaging in a second action to resolve claims not disposed of in the first action...." Peskin v. Liberty Mutual Ins. Co., 214 N.J. Super. 686, 701, 520 A.2d 852 (Law Div. 1986).
While the entire controversy doctrine has a long history, The Prevention of Domestic Violence Act only came into being in 1981. The Legislature passed the act to ensure the maximum protection to victims of domestic violence by providing access to emergent and long-term civil and criminal remedies and sanctions. N.J.S.A. 2C:25-18. Under the Act, an order for emergency relief shall be granted upon good cause shown and shall remain in effect until a judge ... issues a further order. N.J.S.A. 2C:25-28(i). The Act mandates that a final hearing be held within 10 days of the filing of a complaint. N.J.S.A. 2C:25-29(a). At the hearing the court is empowered to grant relief necessary to prevent further abuse as well as an order requiring the defendant to pay to the victim monetary compensation for losses suffered as a direct result of the act of domestic violence ... Where appropriate, punitive damages may be awarded in addition to compensatory damages. N.J.S.A. 2C:25-29(b)(4).
Defendant advances several arguments in opposition to plaintiff's motion for summary judgment and in support of his cross motion to bar relief. Defendant argues that because The Prevention of Domestic Violence Act provides for money *24 damages, and plaintiff did not properly articulate a reservation of her right to damages, she waived her right to damages by failing to pursue them during the domestic violence hearing. This court does not reach the issue of whether or not plaintiff's reservation of "all collateral issues" at the conclusion of the final hearing served to reserve her right to damages. Rather this court finds that the time restrictions imposed upon plaintiff by the Act are incongruent with a strict interpretation of the entire controversy doctrine.
A case cannot be made for damages in an action for personal injuries until the extent of the damages are known. The Act requires that a final hearing be held within ten days of the filing of the domestic violence complaint and the complaint is usually filed the day of or within days after the violence occurs. This expedited process is available for the protection of the victim and to prevent further acts of domestic violence. The process, however, is ineffective if the victim is forced to make a case for damages at that time as well. Ten days of the incident of domestic violence.
Personal injury trials are routinely bifurcated in the Law Division. The practicalities of proving damages necessitate similar treatment under The Prevention of Domestic Violence Act. To construe the Act any other way would be to frustrate the Legislature's purpose of providing emergent but comprehensive relief. The words of the statute must be considered in the context of the entire Act and given a common sense meaning which advances the legislative purpose. Mugan v. Mugan, 231 N.J. Super. 31, 555 A.2d 2 (App.Div. 1989). The court will not tie the plaintiff's hands by narrowly applying the entire controversy doctrine to The Prevention of Domestic Violence Act when the legislative intent was clearly to provide the relief sought.
Defendant also argues that the case law favors a disposition of interspousal torts outside the divorce action. In making that argument defendant relies on J.Z.M. v. S.M.M., 226 N.J. Super. *25 642, 646, 545 A.2d 249 (Law Div. 1988) and Brown v. Brown, supra. Both are distinguishable.
In J.Z.M., supra, the court held that plaintiff's action against her former husband in tort for allegedly inflicting her with the herpes virus was not required to be consolidated with an ongoing custody dispute and was not a product of a unique family relationship such that the matter should be transferred to the Family Part. Unlike the case at bar, while the alleged tort took place during the marriage, the effects were not discovered until some 22 months after the entry of the Final Judgment of Divorce and there was no divorce action with which to consolidate the tort claim. In Brown, supra, the court held that an action in marital tort, for an alleged assault committed during the pendency of the divorce action, was not precluded under the entire controversy doctrine even thought the claim was not raised during the divorce proceedings. The Brown court recognized that the joinder of claims is a matter of judicial discretion, indicating there are occasions when allowing supplemental pleadings "... no matter how germane, ... may ... have a greater potential for vexation and for prejudice to the parties if joined with the original action." Brown, supra, 208 N.J. Super. at 381, 506 A.2d 29.
Unlike the case at bar, the plaintiff in Brown did not file a domestic violence complaint or seek to join the claim for damages with the divorce action during its pendency. Plaintiff acted in accordance with the procedures available to her under the Act and seeks to reserve her right for damages by joining that claim with her pending divorce action. She did what the court might have preferred in Brown. This court cannot and will not penalize her for failing to sit on her rights.
Defendant also argues that plaintiff's request for damages is barred by res judicata, asserting that the issue has already been litigated. Defendant is only half correct. The parties did litigate the issue of liability fully and to a final decision pursuant to the domestic violence complaint. However, no order was *26 entered regarding the amount of damages. Therefore, consistent with the doctrine of res judicata, the issue of liability may not be retried but plaintiff is not precluded from arguing the damages portion as part of the divorce trial.
Plaintiff's motion for summary judgment is granted as to liability. Defendant's cross-motion to bar relief requested in count three of plaintiff's amended complaint is denied.
Counsel for plaintiff, please submit an appropriate form of order.