**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4080-19

EDMUND LYNN, III,

    Plaintiff-Appellant,

v.

CAROL LYNN,

    Defendant.

_____

Submitted April 26, 2021 – Decided May 21, 2021

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FM-15-1589-00.

August J. Landi, attorney for appellant.

The Goldstein Law Group, attorney for respondent Edmund James Lynn (Lisa Steirman Harvey, of counsel and on the brief).

PER CURIAM

Plaintiff appeals from an April 17, 2020 Family Part order denying his application to file a third-party complaint impleading his emancipated son, Edmund, as a third-party defendant in an inactive eighteen-year-old divorce case to resolve a dispute regarding the repayment of college loans. Plaintiff also appeals from the June 16, 2020 order denying his motion for reconsideration. We affirm.

We glean these facts from the record. In 2002, plaintiff and his ex-wife, defendant Carol Lynn, divorced. According to the property settlement agreement incorporated into the dual judgment of divorce (DJOD), both parties had "joint legal custody of the three minor children, to wit, Edmund Lynn[, born September 1992,] . . . Mark Lynn, [born June 1994, and] Adam Tuor[, born December 1987,[1]] with plaintiff designated as primary residential parent." Although the agreement addressed various issues related to the care and welfare of the children, the agreement was silent as to the parties' responsibility for the children's college education.

No post-judgment applications were ever filed in the case. Thus, the case was inactive until November 26, 2019, when plaintiff filed a post-judgment

---

[1] Adam was defendant Lynn's son from a previous relationship and therefore plaintiff's stepson.

A-4080-19

motion seeking "[p]ermission to [f]ile a [t]hird[-p]arty [c]omplaint to implead . . . Edmund . . . and Adam . . . as [t]hird[-p]arty [d]efendants to resolve any and all issues surrounding unpaid college loans taken out by [p]laintiff."

In a supporting statement, plaintiff certified that in an "oral agreement" both Edmund and Adam "agreed to be solely responsible for . . . their respective college loans" "when payment became due and owing" "after college." As a result, between 2006 and 2011, plaintiff "signed as obligor" for four "Parent Plus loans[2] so each son could complete college." Edmund "complete[d] five to six years at Drexel University" and Adam "completed four years . . . at Rowan University." However, according to plaintiff, "[a]fter college, neither . . . son . . . has made one payment towards the current balance," totaling "$174,411.13 as of November 13[], 2019" and "[a]mortization payments" were scheduled "to start February 2020."[3]

Plaintiff averred that "[b]ut for" his son's and his step-son's respective "promise," he "would not have agreed to take out the loans." He explained that

_____

[2] A Parent Plus loan may only be dispersed to a parent or guardian of a child.

[3] Plaintiff certified that he "consolidated" the loans "years ago" and the total balance did not "parse out the amount attributable" to each son. However, Edmund's share was approximately "48.87% of the total [balance]" and Adam's was "50.65%." Further, "[w]ith forbearance ending, monthly payments [were] to begin on or about February 21, 2020."

3

"[a]t the time[, he] could not afford to pay for the respective colleges they chose" and his ex-wife "never contributed financially to [their] up-bringing." He stated further that he still did not "earn enough . . . to be responsible for . . . [the] loans."

In his statement, plaintiff incorporated e-mails and text messages from both sons purporting to acknowledge the indebtedness. Plaintiff also attached a proposed third-party complaint to the motion naming Edmund and Adam as third-party defendants and seeking judgment against them for the "Parent Plus Loans" "incurred to finance [their] attendance at college." No relief was sought against plaintiff's ex-wife.

Service of the motion and third-party complaint was never effectuated on Adam who had relocated to South Korea. As a result, Adam never participated in the proceedings in the trial court and is not a participant in this appeal. On the other hand, Edmund opposed the motion on the ground that "it [was] improperly pled in the Family Part" and "prohibited by the Rules of Court." Edmund also cross-moved for counsel fees incurred opposing the motion on the ground that the motion was brought in "bad faith."

In a supporting certification, Edmund denied agreeing to be responsible for the loans as he "was already incurring over $60,000" of student loan debt.

A-4080-19

Edmund vehemently denied the existence of an "agreement of any kind" between himself and plaintiff and averred that plaintiff "unilaterally" incurred the loans as a "gift." According to Edmund, it was not "until 2017 - over a year after [he] had graduated from college," that plaintiff even "discussed the loan or requested any type of repayment from [him]."

Edmund explained that prior to retaining counsel, "[he] offered to pay some of the loan amount" to stop plaintiff's "intimidation tactics" and "harassment," "not because [he] actually had an obligation on the debt." In a reply certification, plaintiff attached additional e-mail and text messages purporting to acknowledge the indebtedness and disputing Edmund's claims to the contrary.[4]

On April 17, 2020, the motion judge conducted oral argument, after which he denied plaintiff's application as procedurally deficient. In an oral opinion that was memorialized in an order of the same date, the judge accepted Edmund's contention that pursuant to Rule 5:1-2, the motion was not cognizable in the Family Part because the principal claim was contractual in nature and did not "implicate a familial relationship."

---

[4] In their respective certifications, plaintiff and Edmund made dueling disparaging comments about each other and other family members, none of which are pertinent to the issues raised in this appeal.

Further, the real party in the divorce case, defendant Lynn, was "neither economically interested nor . . . the intended [d]efendant of [p]laintiff's claim" for "the repayment of student loans." Because "there [was] no pending litigation under th[e divorce] docket [number]" and no counterclaim asserted against plaintiff, there was no action "that a [t]hird[-p]arty [defendant could] be joined to" under Rule 4:8-2. The judge acknowledged that while family actions are always subject to post-judgment motions, "that is only as between the [parties] who are in the case in the first place," not as to the children who "were never in the case." "As such, th[e] motion [was] improperly filed with the Family [Part] and should not be dealt with under th[e] divorce matter."

Turning to Edmund's cross-motion for counsel fees, after reviewing counsel's certification, the judge awarded counsel fees in the amount of $5873 payable within forty-five days. The judge reasoned that the "motion [was] frivolous" and the amount requested was "reasonable" for the services provided.

Thereafter, plaintiff moved for reconsideration pursuant to Rule 4:49-2. On June 16, 2020, following oral argument, the judge denied the motion on the record finding no grounds for reconsideration. The judge rejected plaintiff's

contention that the case belonged in the Family Part because it was governed by the Newburgh factors.[5] The judge reasoned:

> This is not a Newburgh . . . case, this is a case based on what you allege is an oral agreement. It requires no discretion on the part of a Family Part judge as to whether or not . . . and in what proportion . . . the other spouse needs to contribute to the college education of the[] children. . . . [Y]our whole case is based on an alleged oral agreement, period. It doesn't implicate Newburgh . . . at all.

The judge intimated that because "[t]his [was] a pure contract case," the case would be more appropriately filed "in the Law Division."

As to counsel fees, after reviewing counsel's certification, the judge awarded Edmund an additional $5000 payable "forthwith." Combined with the prior unpaid $5873 award, the judge entered judgment totaling $10,873. The judge justified the award on the ground that the reconsideration motion was completely "duplicative of the previous motion," provided "nothing that came close to justifying a reconsideration," and forced Edmund "to spend money on lawyers." Additionally, the fees incurred were reasonable. The judge entered a memorializing order and this appeal followed.

---

[5] Newburgh v. Arrigo, 88 N.J. 529, 545 (1982) (setting forth a non-exhaustive list of twelve factors courts should consider when evaluating a parent's obligation to contribute to their child's college expenses).

On appeal, plaintiff raises the following points for our consideration:

POINT I:

PURSUANT TO [RULE] 5:1-2 DISPUTES BETWEEN FAMILY MEMBERS RE: FINANCIAL RESPONSIBILITY FOR COLLEGE LOANS ARE COGNIZABLE IN THE FAMILY PART. IT WAS A MISTAKE OF LAW FOR THE TRIAL COURT TO CONCLUDE OTHERWISE.

POINT II:

THE TRIAL COURT'S SUMMARY DISMISSAL OF PLAINTIFF'S CAUSE OF ACTION WITHOUT A HEARING RESULTED IN A DENIAL OF DUE PROCESS AND A MISTAKE OF LAW.

POINT III:

THE TRIAL COURT ERRED BY ENTERING A COUNSEL FEE JUDGMENT OF $10,873 TO PLAINTIFF'S SON WHO WAS DEEMED A NON-PARTY TO THE ACTION.

Under Rule 5:1-2, the following actions are cognizable in the Family Part:

All actions in which the principal claim is unique to and arises out of a family or family-type relationship, including palimony actions . . . . Such actions shall include all actions and proceedings referenced in Chapters II and III of Part V, unless otherwise provided in [Rule] 4:3-1(a)(4); all actions and proceedings formerly designated as matrimonial actions; actions that arise under the Domestic Partnership Act, N.J.S.A. 26:8A-1 et seq.; actions arising under N.J.S.A. 37:1-28 et seq. relating to civil unions; and all actions and

8

proceedings formerly cognizable in the Juvenile and Domestic Relations Court.

[R. 5:1-2(a).]

Rule 5:1-2 mirrors the language in Rule 4:3-1(a)(3) delineating the respective court divisions in which actions should be instituted, but neither rule provides any further definition of "actions in which the principal claim is unique to and arises out of a family or family-type relationship. . . ." "Thus, it is for the [c]ourt to define the language referenced above on a case-by-case basis." J.Z.M. v. S.M.M., 226 N.J. Super. 642, 647 (Law Div. 1988) (refusing to consolidate an interspousal tort filed in the Law Division and discovered after divorce with an ongoing custody dispute pending in the Family Part); see also Kingsdorf v. Kingsdorf, 351 N.J. Super. 144, 159 (App. Div. 2002) (noting that any claim on a deceased husband's behalf against his wife stemming from a settlement agreement in the context of divorce proceedings that abated on the husband's death "is neither unique to, nor arises out of, a family or family-type relationship necessitating its being filed in the Family Part, or requiring the application of a Family Part judge's expertise").

Governed by Rule 4:3-1(b), civil family actions may be transferred "to or from the Family Part to or from any other trial division . . . of the Superior Court . . . ." R. 5:1-3(a). The comment to Rule 5:1-3 explaining the rationale for the

9

transfer provisions demonstrates that in certain circumstances, there may be overlapping jurisdiction:

> the transfer provisions are predicated on the theory that particular actions that are not categorical family actions may, because of the identity of the parties and their relationship to each other and because of the nature of the issue raised, be singularly suitable for disposition by the Family Part . . . . Conversely, an action which is a categorical family action might, because of its singular circumstances, be more appropriately handled by a different trial court, e.g. Chancery Division – General Equity or the Law Division.
>
> [Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 5:1-3 (2021).]

"While the Chancery Division and the Law Division have concurrent power to afford plenary legal and equitable relief in order that a controversy be fully adjudicated, the appropriate forum for the commencement of a specific claim is established by the Rules of Court." Solondz v. Kornmehl, 317 N.J. Super. 16, 19 (App. Div. 1998).

> The choice of trial division should represent a responsible exercise of the attorney's judgment in order to obtain for all concerned the obvious advantages to be realized by having particular cases normally tried before judges who are specialized in either law or equity but who nevertheless have jurisdiction to dispense full and complete relief.
>
> [Id. at 19-20 (quoting Gov't Emps. Ins. Co. v. Butler, 128 N.J. Super. 492, 495 (Ch. Div. 1974)).]

10

Here, we agree with the judge that the Family Part is not the proper forum to resolve this matter. Indeed, plaintiff's action does not fall within the category of cases unique to the Family Part allocation or require its expertise. As the judge pointed out, plaintiff's cause of action against Edmund is a contractual claim that does not bear upon a family relationship and is neither governed by nor implicates the Newburgh factors. The claim involves pure contract principles between two parties who happen to be related. "Clearly, plaintiff's primary right or the principal relief sought was not equitable in nature. A money judgment was sought. As a consequence, counsel should have brought the matter in the Law Division." Solondz, 317 N.J. Super. at 19 (citing R. 4:3-1(a)(1)).

Significantly, because there was no pending litigation in the divorce case and no counterclaim asserted against plaintiff, there was no action to which a third-party defendant could be joined under Rule 4:8-2. See ibid. ("A plaintiff against whom a counterclaim is asserted may cause a third party to be brought in under circumstances which under [Rule] 4:8-1 would entitle a defendant to do so and in the manner prescribed by [Rule] 4:8-1."). "It is, of course, clear that a third-party complaint is inappropriate when a plaintiff against whom no affirmative claim is made wishes to add other parties who may also be liable to

11

it." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:8-2 (2021). Moreover, contrary to plaintiff's assertion, because the judge properly denied plaintiff's motion on procedural grounds, the facts of which were not in dispute, there was no need for a plenary hearing. See Llewelyn v. Shewchuk, 440 N.J. Super. 207, 217 (App. Div. 2015) ("[A] plenary hearing is only required if there is a genuine, material and legitimate factual dispute." (quoting Segal v. Lynch, 211 N.J. 230, 264-65 (2012))).

We also agree that defendant failed to meet the standard for reconsideration. Reconsideration is only available when "either ([1]) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

We review a trial court's decision on a motion for reconsideration under an abuse of discretion standard. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). Thus, "a trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div.

12

2015) (citing Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)). A court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). Here, we discern no abuse of discretion in the judge's denial of plaintiff's reconsideration motion.

Likewise, counsel fee determinations rest within the trial judge's sound discretion. Williams v. Williams, 59 N.J. 229, 233 (1971). We will disturb a trial court's determination on counsel fees "only on the 'rarest occasion,' and then only because of clear abuse of discretion." Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). An "abuse of discretion only arises on demonstration of 'manifest error or injustice.'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)).

Under Rule 4:42-9(a)(1), attorney's fees are allowable "[i]n a family action . . . pursuant to [Rule] 5:3-5(c)." Under Rule 5:3-5(c), when awarding counsel fees,

the court should consider, in addition to the information required to be submitted pursuant to [Rule] 4:42-9,[6] the following factors: (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties . . . ; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

Applying these principles, we discern no basis to intervene. The judge based the award of counsel fees on the frivolous nature of plaintiff's applications. "An award for attorney's fees to the adverse party is appropriate if the court finds the proceedings to have been frivolous and instituted for the purpose of harassment as well as abuse of the judicial system." Pressler & Verniero, Current N.J. Court Rules, cmt. 4.3.3 on R. 5:3-5 (2021) (citing Kozak v. Kozak, 280 N.J. Super. 272 (Ch. Div. 1994)). Indeed, the unreasonableness of plaintiff's position as well as Edmund having to incur unnecessary attorney's fees to defend himself were appropriate considerations. See Diehl v. Diehl, 389 N.J. Super. 443, 455 (App. Div. 2006) ("[A]ssertion of an unreasonable position

---

6 Under Rule 4:42-9(b), "applications for the allowance of fees shall be supported by an affidavit of services addressing the factors enumerated by RPC 1.5 (a)" pertaining to the reasonableness of the fee.

is properly considered in awarding a counsel fee. . . ."). Additionally, under Rule 5:3-5(c), "counsel fees may be awarded to 'any party to the action.'" Kingsdorf, 351 N.J. Super. at 158 (quoting R. 5:3-5(c)). In that regard, we consider Edmund the putative party as posited by plaintiff. Moreover, based on the judge's review of counsel's certifications, the amount incurred was reasonable.

To the extent we have not addressed a particular argument, it is because either our disposition makes it unnecessary or the argument was without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4080-19