647 A.2d 484

DANNA M. SALIB AND FAWZIY E. SALIB, HER HUSBAND, PLAINTIFFS, v. DARLENE ALSTON, MICHAEL LYONS, NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION AND CSC INSURANCE SERVICES, DEFENDANTS.

———————

KEVIN BASKERVILLE, PLAINTIFF, v. DARLENE ALSTON, MICHAEL LYONS, FAWZIY E. SALIB, DANNA M. SALIB, DEFENDANTS.

Superior Court of New Jersey
Law Division Middlesex County

Decided April 27, 1994.

*Robert F. Renaud* for plaintiffs Salib (*Palumbo & Renaud,* attorneys).

*Seth Malkin* for defendant New Jersey Automobile Full Insurance Underwriting Association (*Ferdinand & Klayman,* attorneys).

*Leonardo R. Hernandez* for plaintiff Baskerville (*Ravich, Koster, Tobin, Oleckna, Reitman & Greenstein,* attorneys).

*John E. Riehl* for defendants Salib (*Britt, Riehl, Spudic & Ball,* attorneys).

LERNER, J.S.C.

This case arises from a demand by the plaintiff Danna M. Salib ("Mrs. Salib") seeking a trial *de novo* on issues of damages and liability after rejecting an arbitration award of damages for injuries sustained in an automobile accident. For the reasons which follow, the court concludes that the parties are entitled to a new

trial only on the issue of damages after the rejection of an arbitration award.

Mrs. Salib was injured in an automobile accident involving the vehicle she was driving and the vehicle driven by defendant Michael Lyons ("Lyons"). The Lyons vehicle was owned by defendant Darlene Alston ("Alston"). Kevin Baskerville ("Baskerville") was a passenger in the Lyons vehicle. Baskerville was also injured in the accident and filed an action seeking damages. Neither Alston, Lyons, or Baskerville were insured. The Salib vehicle was owned by defendant Fawziy E. Salib ("Mr. Salib") and had uninsured motorists coverage of $100,000 on a policy issued by CSC Insurance Services as servicing carrier for the New Jersey Automobile Full Insurance Underwriting Association. The Salibs' action was consolidated with the Baskerville action.

The Salibs' insurance policy mandated arbitration for claims involving uninsured motorists, and pursuant to that policy, Mrs. Salib's claim was submitted to a three-member arbitration panel. The arbitrators fixed Mrs. Salib's damages at $40,000, apportioned liability as 80:20 between her and Lyons, wherein she would have received $32,000.

Mrs. Salib rejected the arbitrator's award, and moved for a trial *de novo* on the issues of both liability and damages, pursuant to Clause 2 of the arbitration provision in the her insurance policy. The relevant provisions of that arbitration clause are:

A decision agreed to by ... the arbitrators will be binding as to:

1. Whether the "insured" is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of New Jersey. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

The arbitration provision of an automobile insurance policy permitting either the insured or the insurer to demand a trial if the arbitration award exceeded the minimum limit of liability specified by the state's financial responsibility statutes has been

determined to be valid. *Cohen v. Allstate Ins. Co.*, 231 *N.J.Super.* 97, 555 *A.*2d 21 (App.Div.), *certif. denied* 117 *N.J.* 87, 563 *A.*2d 846 (1989). The court did not address the issue of whether rejection of the arbitration award allows for trial on damages only, or whether issues of liability can also be tried. *Id.* at 102 n. 2, 555 *A.*2d 21. It in fact left that issue to another day.

The New Jersey Supreme Court decided how insurance contracts are to be interpreted in *Longobardi v. Chubb Ins. Co. of New Jersey*, 121 *N.J.* 530, 537, 582 *A.*2d 1257 (1990). The Court stated that contracts of adhesion should be liberally construed in the insured's favor, but not so as to "write . . . a better policy of insurance than the one purchased." *Id.* at 537, 582 *A.*2d 1257 (quoting *Walker Rogge, Inc. v. Chelsea Title & Guar. Co.*, 116 *N.J.* 517, 529, 562 *A.*2d 208 (1989)). Words in an insurance policy should be given their ordinary meaning. *Longobardi, supra,* 121 *N.J.* at 537, 582 *A.*2d 1257.

The parties to a contract can define the terms and scope of an arbitration clause. *Local 462 v. C. Schaefer & Sons*, 223 *N.J.Super.* 520, 525, 539 *A.*2d 295 (App.Div.1988). A court cannot rewrite an insurance contract in order to broaden the scope of an arbitration provision. *Duerlein v. New Jersey Auto. Full Ins. Under. Ass'n*, 261 *N.J.Super.* 634, 639–40, 619 *A.*2d 664 (App.Div. 1993). New Jersey's public policy "encourage[s] resort to arbitration while preserving full flexibility to the parties to elect or reject, and to structure and limit that process as they choose." *Cohen, supra,* 231 *N.J.Super.* at 101, 555 *A.*2d 21. Thus, where the parties have shown an intent to resolve their dispute by arbitration, a court should favor arbitration. *Yale Materials Handling Corp. v. White Storage & Retrieval Sys., Inc.*, 240 *N.J.Super.* 370, 375, 573 *A.*2d 484 (App.Div.1990).

Here, the terms of the arbitration provision are clear. The entire clause 2 relates to damages. The first sentence is "the amount of damages," while the last sentence indicates that "the amount of *damages* agreed to by the arbitrators will be binding."

(Emphasis added.) The right to a trial itself only occurs when the amount of damages falls within a specified range; there is no reference at all to the issue of liability. This is in marked contrast to language in *Annunziata v. Prudential Ins. Co. and Fireman's Fund Ins. Co.*, 260 *N.J.Super.* 210, 214, 615 *A.*2d 686 (Law Div.1992), which stated "either party has a right to trial on all issues in a court of competent jurisdiction." (court granted right to a trial by jury.)

While a contract will be construed against the party which drafted it, it is clear that had the drafter's intent been to allow a trial *de novo* on the issue of liability and damages, the contract would have so stated. Because the clause in question relates only to damages, the court holds that plaintiff is entitled to a trial *de novo* solely on the issue of damages.