991 A.2d 844 (2010)
412 N.J. Super. 505
Francine GUACIARO and Francis Guaciaro, Plaintiffs-Appellants,
v.
Ciprino GONZALES, Paula Perez, National Auto Sales, Inc., Defendants, and
State Farm Insurance Co., Defendant-Respondent.
No. A-4988-08T1
Superior Court of New Jersey, Appellate Division.
Submitted December 15, 2009.
Decided April 15, 2010.
Basile & Testa, Vineland, for appellants (Michael L. Testa and Justin R. White, on the brief).
Chierici, Chierici & Smith, Moorestown, for respondent (Donald R. Chierici, on the brief).
Before Judges WEFING, GRALL and MESSANO.
The opinion of the court was delivered by
WEFING, P.J.A.D.
Plaintiff Francine Guaciaro filed suit seeking to recover damages for injuries she alleged she sustained in a motor vehicle accident on August 29, 2003, in Vineland.[1] In her complaint, she alleged that she had just finished parking her vehicle when it was struck in the rear by a vehicle that did not stop. Plaintiff called the police, and two officers were dispatched in response to this report of a hit-and-run accident. Officer Thomas Riordan of the Vineland police responded to the scene. In the report he subsequently prepared, Officer Riordan said that plaintiff told him that she had just finished parking her car and had stepped out of it when a white minivan struck hers. While speaking to her, Officer Riordan learned that another officer had located the white minivan several blocks away and he went to check; he told plaintiff he would return.
The driver of that car, defendant Ciprino Gonzales, said he was too drunk to remember if he had been involved in an accident; Officer Riordan did not have Gonzales perform any field sobriety tests because he was unable to stand on his own. He issued a number of summonses to Gonzales, including driving while intoxicated, *845 N.J.S.A. 39:4-50, driving an unregistered vehicle, N.J.S.A. 39:3-4, driving an uninsured vehicle, N.J.S.A. 39:6B-2, driving without a license, N.J.S.A. 39:3-10, leaving the scene of an accident, N.J.S.A. 39:4-129(b), and reckless driving, N.J.S.A. 39:4-96.
It later developed that defendant Paula Perez had purchased the vehicle from defendant National Auto Sales, Inc. and had lent it to Gonzales but that title had not been transferred to her name. Neither Gonzales nor Perez responded to plaintiff's complaint, and National Auto Sales was granted summary judgment. Plaintiff presented a claim for uninsured motorists' (UM) coverage to her insurer, State Farm Indemnity Company.
Officer Riordan gave a statement under oath to State Farm's attorney. He repeated in that statement that plaintiff told him she was standing on the sidewalk at the time of the accident. He said that when he returned to the scene after dealing with Gonzalez, some twenty to twenty-five minutes later, plaintiff again told him that she was standing on the sidewalk when her car was hit. He said she made no complaint of being injured and displayed no signs of any injury. He also said that plaintiff came to the police station several weeks later and asked him to change his report because it was incorrect in that she was in the vehicle at the time of the accident. Riordan said that he told her he did not believe her because she had been so insistent at the time that she was standing on the sidewalk but would check with his supervisor on whether he should amend his report to note that she had made this request. After consulting with his supervisor, he declined to make an amendment to his report.
Officer Riordan also said in his sworn statement that plaintiff returned to the police station a second time and again asked that an amended report be issued, to reflect that she was in the car at the time. He again declined to do so, telling her that he believed that she was not being truthful and that he was going to notify her insurance carrier.
Plaintiff's UM endorsement to her State Farm policy contained the following provision:
Two questions must be decided by agreement between the insured and us:
1. Is the insured legally entitled to collect damages from the owner or driver of the uninsured motor vehicle or underinsured motor vehicle; and
2. if so, in what amount?
If there is no agreement, these questions shall be decided by arbitration upon written request of the insured or us. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one.
The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.
The arbitration shall take place in the county in which the insured resides unless parties agree to another place. State court rules governing procedure and admission of evidence shall be used.
The written decision of any two arbitrators shall be binding on each party unless the amount of the damages awarded exceeds the minimum limit of liability specified by the financial responsibility law of New Jersey. If the amount of the damages awarded in the arbitrators' *846 decision exceeds that limit, either party may, within 30 days of the arbitrators' decision, demand a trial. If the demand is not made, the decision of the arbitrators is binding on each party.
The arbitration was conducted in May 2008, and the results were reported to the parties in the following manner:
1. Plaintiff prevails on liability on a 2:1 vote.
2. Plaintiff is awarded damages in the sum of $55,000 on a 3:0 vote.
State Farm's attorney sent a timely letter to plaintiff's counsel, informing him that State Farm rejected the award and requested a trial on all issues. Plaintiff's counsel responded that under its policy, State Farm was only entitled to a trial on damages, not to a trial on all issues. State Farm filed a motion in limine to settle that dispute. The trial court, after hearing argument, granted State Farm's motion, ruling that State Farm was entitled to a trial on all issues. After the trial court denied plaintiff's motion for reconsideration, we granted plaintiff's motion for leave to appeal.
Plaintiff points to a recent unreported decision of this court, which considered this policy language and concluded that a trial de novo following the rejection of an arbitration award is limited to a trial on damages. That decision is, of course, not precedential. R. 1:36-3.
There are two reported cases that have considered the scope of a trial de novo following the rejection of an arbitration award, Derfuss v. New Jersey Manufacturers Insurance Co., 285 N.J.Super. 125, 666 A.2d 599 (App.Div.1995), and Salib v. Alston, 276 N.J.Super. 108, 647 A.2d 484 (Law Div.1994). In those two cases, the policies contained identical language with respect to rejecting an arbitration award. The language in those policies, however, differed from the language in the policy before us.
In Salib, the plaintiff was injured in an automobile accident with an uninsured vehicle and sought UM coverage under her own policy, which mandated arbitration. 276 N.J.Super. at 110, 647 A.2d 484. The arbitrators found her to be twenty percent at fault and set her damages at $40,000, resulting in a net recovery of $32,000. Ibid. The plaintiff rejected that award and sought a trial on all issues. The trial court examined the language of her policy and concluded that she was entitled to a trial on damages only. Id. at 112, 647 A.2d 484.
A similar result occurred in Derfuss, supra, which involved a UM arbitration that resulted in an award of damages of $350,000 to the plaintiff but an apportionment of forty percent liability against her. 285 N.J.Super. at 127, 666 A.2d 599. The plaintiff rejected the award and ultimately was granted a trial on all issues, which resulted in a jury verdict of damages of $500,000 and a twenty percent apportionment of fault, for a net recovery of $400,000. Ibid. Her insurer appealed, contending that under the policy language, the subsequent trial should have been limited only to the question of damages. Id. at 129, 666 A.2d 599. After examining the language of the arbitration clause, we agreed, concluding that the plaintiff was entitled to a trial on the quantum of her damages but could not contest the apportionment of fault made in the arbitration proceedings. Id. at 134, 666 A.2d 599. We applied the forty percent apportionment of fault from the arbitration to the verdict of $500,000, concluding the plaintiff was entitled to recover $300,000. Ibid.
We perceive a significant difference in the language in the Derfuss and Salib policies and the language of the State *847 Farm policy which is before us. Those arbitration clauses stated the following:
A decision agreed to by two of the arbitrators will be binding as to:
1. Whether the insured is legally entitled to recover damages; and
2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of New Jersey. If the amount exceeds [this] limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.
[Derfuss, supra, 285 N.J.Super. at 128, 666 A.2d 599; Salib, supra, 276 N.J.Super. at 110, 647 A.2d 484.]
The construction of these paragraphs, and the placement of the provision for seeking a trial immediately after the reference to the quantum of damages, led us to agree with the Law Division's analysis in Salib that a subsequent trial was to be limited to the question of damages.
[T]he focus in paragraph two [of the arbitration clause] is on damages, not fault. The paragraph is entitled "amount of damages" and it makes the "amount" determined by the arbitrators binding if it should fall below the statutory minimum provided by law, and allows for a "right to a trial" only if the "amount" exceeds the statutory minimum. Because the "right to a trial" is placed in this paragraph which provides exclusively for the computation of the "amount of damages" it seems clear that the parties intended that right to apply only to the damage issue.
[Derfuss, supra, 285 N.J.Super. at 132, 666 A.2d 599 (citation omitted).]
State Farm's policy, however, which we set forth earlier in this opinion, has an entirely different structure. While in Salib and Derfuss, the policies set forth separately that the arbitration award would be binding on liability and on damages and referred to a subsequent trial only in the section discussing the damages award, here, the State Farm policy contains no such bifurcation. Further, three paragraphs of text separate the identification of the issues to be decided at arbitration: liability and damages, and the provision for rejecting an arbitration award and requesting a trial. In addition, the policies in Salib and Derfuss stated that if a trial was not demanded, "the amount of damages agreed to by the arbitrators will be binding." State Farm's policy does contain this limitation with respect to damages.
We are unable to conclude that this structure and language, with its facially apparent differences, carries the same meaning and implication as the structure and language we considered in Salib and Derfuss.
There are countervailing policy arguments with respect to construing these policy provisions. We noted, for instance, in Derfuss, that a conclusion that an arbitration award is conclusive on the question of liability fosters New Jersey's public policy in favor of alternate dispute resolution. Id. at 132, 666 A.2d 599. Nor can we ignore that restricting a party's right to seek a full trial to those matters in which the damage award exceeds $15,000 helps to prevent straining court calendars and limited judicial resources with an unlimited number of small matters.
On the other hand, although we said in Derfuss that the arbitration clause was "neutral in its effect," id. at 131, 666 A.2d 599, in our judgment, greater neutrality is afforded by permitting a trial on all issues, as opposed to just damages. The results *848 in Derfuss and Salib illustrate this point: because of the construction adopted by the reviewing courts, those plaintiffs were unable to attempt to refute the liability assessments made against them in arbitration. Here, the policy language, in our judgment, fosters neutrality by permitting an aggrieved party to seek a full trial on all issues. Such a consideration, in our judgment, trumps the others.
The order under review is affirmed. The matter is remanded to the trial court for further proceedings in accordance with this opinion.
NOTES
[1] Her husband sues per quod.